[No. 7,328.—Department One.]

## W. H. BRODRIB v. EDWARD BRODRIB ET AL.

GUARDIAN AND WARD — JUDGMENT — ESTOPPEL—PROBATE COURT—ACCOUNTS. —The settlement and allowance of the final account of a guardian was a matter vested exclusively, by the Constitution and laws, in the Probate Court; and its judgment in such case cannot be successfully resisted until reversed or modified by some proceedings directly impeaching it; and it is conclusive not only against the guardian himself, but also against his sureties.

ID.—ID.—ACCOUNTS—COMPLAINT — PLEADING.—If a party seeks to set aside a judgment, and to reopen accounts which have been settled by it, on the ground that he was a lunatic, or otherwise incompetent, at the time of the judicial proceedings against him, he should point out in his complaint, by distinct averments, the particular items which he seeks to surcharge or falsify.

ID.—ID.—ID.—ID.—ID.—CROSS-COMPLAINT.—In an action by a ward against a guardian and his sureties for the balance found due upon a final settlement of his account in the Probate Court, the defendants, by way of defense and cross-complaint, pleaded, that, at the time the guardian (defendant) presented his final account, he was incompetent to make an account, or to transact any business, and that the account was "false and untrue in many particulars"—held, that, conceding the right of the defendants to maintain an equitable cross-action in this action at law—to surcharge and falsify his accounts—the cross-complaint was defective in not pointing out the specific mistakes or errors in the account, of which they complained; and also in not offering to pay what was correct.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Superior Court of San Bernardino County. ROLFE, J.

*Paris & Allen*, for Appellants.

*Byron Waters*, for Respondent.

McKEE, J.:

The Probate Court of San Bernardino County revoked letters of guardianship which had been issued to the defendant Edward Brodrib, as guardian of the person and estate of W. H. Brodrib, a person who had been adjudged insane, and ordered him to render a full, true, and final account of his guardianship. In obedience to the order, the guardian presented his final account, and the same was settled and allowed by the Court. Upon the settlement, there was found due to the estate of the ward a balance, which the defendant Edward failed and refused to pay to

the plaintiff, and this action was brought upon his official bond to recover the amount.

To the complaint in the action, the defendant Edward answered, by way of defense and cross-complaint, that, at the time he presented the final account and report of his guardianship, he was in such a condition, physically and mentally, as rendered him legally incompetent to make and render an account of his trust, and to transact any business, and the account itself is "false and untrue."[*] Each of the other defendants set up a like defense.

The Court sustained a demurrer to the cross-complaint, and on the trial of the case excluded all evidence offered by the defendants to sustain their defense; and these rulings are assigned as errors.

The evidence was properly excluded; for it was not admissible for the purpose of showing that the account of the guardian, which had been settled and allowed by the Probate Court, was not a true and correct statement of his transactions as guardian with the estate of his ward. That Court had jurisdiction of the estate, and of the person of the guardian, and of the settlement of his accounts; and if it committed any error or irregularities in the exercise of its jurisdiction, the guardian had an adequate remedy for their review and correction, by appeal from the judgment or order. No appeal was taken; and when the action was tried, the judgment or order remained in full vigor. There was, therefore, an end of all inquiry into the correctness of the account, as it had been finally settled by the proper tribunal.

Nor was the evidence admissible for the purpose of showing a disability on the part of the guardian to defend himself in the settlement and allowance of the account. The presumption is, that the guardian was sane when he presented his final account to the Probate Court, and when the Court adjudicated it. No suggestion of insanity was made at any time during the course of the judicial proceedings against him. If there had been, the Court, in the exercise of its authority, would have considered the matter, and if found true, would have appointed some person to represent him. In the absence of such a suggestion, the Court rightfully exercised its jurisdiction over the person of the guardian, and the judgment which it rendered against him was

conclusive; for the settlement and allowance of the final account was a matter vested exclusively by the Constitution and laws in the Court (art. vi, Constitution of 1862; § 97, Code Civ. Proc.; *Allen* v. *Tiffany*, 53 Cal. 16); and its judgment could not be successfully resisted until reversed or modified by some proceedings directly impeaching it. It was conclusive, not only against the guardian himself, but also against the sureties upon his official bond. Whatever binds and concludes the guardian, equally binds and concludes his sureties. (*Irwin* v. *Backus*, 25 Cal. 214; *Fox* v. *Minor*, 32 id. 112.) The judgment was therefore not subject to collateral attack.

There is no pretense of imbecility or incompetency of the guardian at the time of giving the bond, and qualifying as guardian. If he became so at any time afterwards, the fact did not interfere with the jurisdiction of the Court over the estate of the ward and the person of the guardian, and it constitutes no defense to an action against the guardian and his sureties upon his official bond.

"The fact," says the Supreme Court of New Hampshire, "that a person against whom a suit is commenced is, at the service of the process upon him, a person of insane mind, and that he so continued until judgment rendered, and that he appeared in person or by attorney, or not at all, is good cause to reverse the judgment upon a writ of error. * * * But the defect in the proceedings renders them only voidable, and not void." (*Lamprey* v. *Nudd*, 29 N. H. 303.) "And the reason," says the Supreme Court of Pennsylvania, "why the insanity or infancy of a party who suffers a common recovery cannot be set up against it is, that it cannot be done without attacking the judgment of the Court, which, to every intendment, is presumed to be regular and valid until reversed or set aside in due course of law. The judgment of the Court is the solemn act of a competent legal tribunal, and cannot be impeached collaterally. It is presumed to have had legal and competent parties before it." (*Wood* v. *Bayard*, 63 Pa. St. 320.)

It is urged, that, under peculiar equitable circumstances, a court of equity has jurisdiction to open an account or other matter settled by the Probate Court. In *Clarke* v. *Perry*, 5 Cal. 60, and *Deck* v. *Gerke*, 12 id. 437, that doctrine was an-

nounced and approved; but the judgment of the Court has never been assailed by a motion for a new trial, or an appeal, or by a direct proceeding to set it aside.

Conceding that in this action at law upon the guardian's bond the defendant had the right to maintain an equitable cross-action against the estate of his former ward, to impeach the judgment, and to surcharge and falsify his accounts, the complaint in the cross-action ought to be such as would be maintainable in a direct action on the equity side of the Court. (*Collins* v. *Bartlett*, 44 Cal. 371; *Kreichbaum* v. *Melton*, 49 id. 50.) Now, a court of equity will not open a settled account unless for fraud, omission, or the like. If there is no fraud, it will only grant liberty to surcharge and falsify the accounts. (Story Eq. Jur. 527.) In the cross-complaint under consideration, no fraud is charged. It is only alleged, that the defendant, soon after he was appointed guardian, became so weak and unsound in mind that he was incompetent to attend to any business whatever; that he was in that condition when the final account of his guardianship was rendered and filed; that the accounts which he rendered were unjust and incorrect statements of his transactions as guardian; and that the final account, as settled and allowed by the Probate Court, was "*false and untrue in many particulars*"; and he asks, as relief, that the Court set aside the judgments or orders of the Probate Court, and reopen the accounts for settlement.

As a bill in equity, the cross-complaint is defective. It does not contain matter sufficient to constitute an original bill, or a bill in the nature of a bill of review.

If a party seeks to set aside a judgment, and to reopen accounts which have been settled by it, on the ground that he was a lunatic at the time of the judicial proceedings against him, he should point out by distinct averments the specific mistakes or errors in the account of which he complains. As was said by the Master of the Rolls, in *Taylor* v. *Haylin*, 2 Brown Ch. 310: " A person who comes to unravel an account must always show clear grounds." A general charge of errors is not sufficient. Specific errors must be pointed out. It is not sufficient to say, that he does not owe the estate, but the estate owes him; nor that the accounts were unjust and incorrect, or were false

and untrue in many particulars.   He must point out the par-
ticular items which he seeks to surcharge or falsify, so that the
Court may know that injustice has been done him, and what it
is that he would impeach; for if no injustice has been done to
him, the Court will not interfere.   A court of equity will not
interfere to set aside even a contract made with an unknown
insane person, where injustice would be done to others, unless
a fraud had been committed.   (*Lancaster County Nat. Bk.
v. Moore*, 78 Pa. St. 407; *Matthiessen & Wenhers Refining Co.
v. McMahon, Adm.* 38 N. J. 536; *In the Matter of Morgan*,
7 Paige, 236.)

If, as the pleader alleges, the account which is sought to be
impeached is only "false and untrue in many particulars," it
must be correct and unimpeachable in all others; and before a
party can enjoin a judgment against him, he should at least
pay, or offer to pay, what is correct.   It is a general rule, that
he who seeks to restrain the enforcement of a judgment, or of
judicial proceedings under it, must first pay or tender payment of
the amount due; and failing to do this, he will be denied relief
in a court of equity.   (33 Ind. 192; *Yonge v. Shepperd*, 44
Ala. 315.)

The lower Court did not, therefore, err in sustaining the de-
murrer to the cross-complaint, or in excluding the evidence of
the defendants under the answers.

The judgment is therefore affirmed.

Ross, J., concurred.

McKinstry, J., concurred on the ground that the cross-com-
plaint does not contain a statement of facts such as would entitle
the defendant to relief.