[L. A. No. 5577.   Department One.—May 28, 1919.]

In the Matter of the Estate of JOHN P. McGUE, Deceased.

[1] GUARDIAN AND WARD—ACCOUNT—CHARGE WITH ENTIRE INTEREST IN NOTE—ORDER SETTLING ACCOUNT—GUARDIAN CONCLUDED BY.— Where a wife, as the guardian of the person and estate of her husband, an incompetent person, charged herself in her final account with the whole of a promissory note as belonging to the estate, in which she owned a one-half interest, the order of the court settling the account and directing the guardian to turn over the balance of the estate to the legally appointed administratrix of the estate of the deceased incompetent, was an adjudication against her of the fact that the estate of her deceased husband, and not herself, was the owner of the note and of the whole thereof, and in the absence of an appeal such order was conclusive and cannot be collaterally attacked.

[2] ID.—DEATH OF INSANE PERSON—SETTLEMENT OF ACCOUNT OF GUARDIAN—JURISDICTION.—Under section 1774 of the Code of Civil Procedure a court has jurisdiction in a guardianship proceeding of an insane person to settle the account of the guardian after the death of the ward.

APPEAL from an order of the Superior Court of Los Angeles County settling an account of an administratrix of the estate of a deceased person. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

Stephens & Stephens for Appellants.

Bordwell & Mathews for Respondent.

SHAW, J.—The appeal herein is taken from an order of the superior court settling an account current rendered by Elizabeth E. McGue as administratrix of the estate of John P. McGue, deceased.

In the account the administratrix charged against herself the sum of $138,068.41, as the amount of inventory and appraisement. This inventory and appraisement included a one-half interest in a certain note executed by one Boggs on December 16, 1913, payable to the decedent John P. McGue and the said Elizabeth E. McGue, who was then his wife, for the sum of eight thousand five hundred dollars. In the inventory the estate was given credit for only a one-half interest in this note, and it was appraised therein at $4,250. Consequently the account covered but a one-half interest in the note. Abram L. McGue, a brother of the decedent, and Delbert McGue, the son of a deceased brother, the appellants herein, filed exceptions to the account, alleging that the decedent at the time of his death owned the entire interest in the Boggs note and that the account was incorrect and false in so far as it failed to charge against the administratrix and credit to the estate the whole amount of said note. The appellants are heirs of the decedent, but not the only heirs.

The respondent in answer to the exceptions alleged that at the time of the execution of the Boggs note in 1913, McGue made a gift to her of a one-half interest in the note and in the mortgage given to secure the same, and that she thereby became the owner of said one-half as her own property. She further alleged that thereafter, on September 22, 1915, some four months before McGue's death, he was duly adjudged to be an incompetent person and that she was appointed his guardian; that as such guardian she filed an inventory and appraisement of his estate, in which the entire interest in said note was by mistake listed as belonging to the ward and was valued at eight thousand five hundred dollars; that her said husband died on January 21, 1916; that thereafter in preparing a final account as such guardian she failed to observe said error in the inventory, and that by charging her-

self with the amount of said inventory she charged herself
as guardian with the entire interest in said note as property
belonging to her said husband. She also alleged that she did
not discover said mistake, and was not aware that this said
account and inventory included the entire interest in
said note as the property of the ward until shortly afterward,
when she came to make out her inventory as the adminis-
tratrix of the estate of said decedent.

Upon the trial the court made findings to the effect that
the administratrix was the owner of the one-half interest in
said note at all times, and that the estate of McGue, deceased,
owned the other one-half interest therein, and that she should
be charged with only one-half thereof in her account current
as administratrix, and settled the account accordingly. The
appellants claim that the evidence does not support the find-
ing that Mrs. McGue was at all times the owner of said one-
half interest in said note.

We do not find it necessary to examine carefully the evi-
dence in proof of the gift by John P. McGue to his wife, of a
one-half interest in the Boggs note. Assuming it to have
been sufficient to support the express finding that such gift
was made, we are, nevertheless, of the opinion that such proof
was unavailing to support the order, for reasons presently to
be stated.

[1] On the trial there was introduced in evidence the in-
ventory rendered by Mrs. McGue as guardian of her said
husband, her final account as such guardian, and the order
of the court settling said account and directing her as such
guardian "to turn over the balance of said estate to the
legally appointed administratrix of the estate of John P.
McGue, deceased." This order was an adjudication against
her of the fact that the estate of her deceased husband, and
not herself, was the owner of said note and of the whole
thereof, and as it had become final, it was conclusive of that
fact as against her. (*Brodrib* v. *Brodrib,* 56 Cal. 563;
*Guardianship of Wells,* 140 Cal. 353, [73 Pac. 1065].) The
law is thus stated by Mr. Woerner: "On the termination
of the guardianship . . . the accounting between the guard-
ian and ward, or between them and their respective repre-
sentatives is final, and the order, judgment, or decree thereon
by the court having jurisdiction, is necessarily conclusive
against all the world, like any other judgment by the court

having jurisdiction of the subject matter and of the parties.
. . . Unless appealed from, revoked, or reopened, such settlement cannot be collaterally attacked . . . in any collateral proceeding." (Woerner on Guardianship, p. 327, sec. 98.) He states only this qualification of the doctrine: "As to all matters lawfully embraced therein, the final settlement is conclusive; but matters not embraced therein are not concluded, and the ward may recover of the guardian personally a fund which came to the guardian's hands before his appointment, and which was never accounted for in his settlements." (Id., p. 340.) **[2]** The court has jurisdiction, in the guardianship proceeding, to settle the account of a guardian after the death of the ward. (Code Civ. Proc., sec. 1774.)

In view of these principles we are bound to conclude that the finding that the respondent is the owner in her own right of one-half interest in the Boggs note is contrary to the law and the evidence.

The order is reversed.

Olney, J., and Lawlor, J., concurred.