[L. A. No. 14855.   In Bank.—April 18, 1935.]

KATHLEEN M. ADAMS, as Guardian, etc., Respondent, v. RALPH MARTIN, Appellant.

Edward C. Mills, Mills, Hunter & Dunn and D. Z. Gardner for Appellant.

O'Melveny, Tuller & Myers, A. W. Ashburn and Louis W. Myers, as *Amici Curiae* on Behalf of Appellant.

Crail, Shutt, Penprase & Crail for Respondent.

THE COURT.—This is an action against a former guardian of an incompetent to recover money allegedly misappropriated by him.

The defendant became the guardian of Clyde Lindsay, an incompetent, in 1920, and acted as such until 1929. During this period he filed four current accounts in the probate court, claiming credit for various expenditures including board, lodging and laundry of the ward at the rate of $120 per month. On October 15, 1928, plaintiff filed a petition for appointment as guardian *ad litem* of the ward, asserting that her investigation had disclosed false charges and excessive credits by the defendant. Her petition was granted. On November 16, 1928, defendant filed his final account. On November 19, 1928, plaintiff as guardian *ad litem* filed a petition for the removal of defendant as general guardian, and for her own appointment in his place, setting forth the same allegations of improper charges and credits by defendant. On January 16, 1929, defendant's letters of guardianship were revoked, and plaintiff was appointed general guardian. At the same hearing (notice having previously been posted as required by statute on November 28, 1928), the final account of defendant was heard and settled, the order approving it being made on January 24, 1929. The court determined that there was a balance of $64.04 in the estate, and ordered it paid over to the new guardian. No appeal was taken from this order, nor was any other attack made on it by motion or otherwise.

In June, 1929, plaintiff brought this action in the superior court, alleging the same misconduct set forth in the previous petitions, and seeking a money judgment on behalf of the ward. Defendant's demurrer was overruled, and at the trial, upon conflicting evidence, the court found that the

various accounts filed by defendant did not contain a true statement of expenditures, and that the latter had misappropriated the sum of $3,917. Judgment was rendered for plaintiff and against defendant in that sum, and defendant brought this appeal.

In the cases of *Estate of Di Carlo*, L. A. No. 13937 (*ante*, p. 225 [44 Pac. (2d) 562]), and *Estate of Vucinich*, L. A. No. 14523 (*ante*, p. 235 [44 Pac. (2d) 567]), we held that intermediate or current accounts of a guardian, approved and settled by the probate court, were not conclusive against the ward, but might be reexamined by said court upon the hearing of a subsequent or final account. These decisions are plainly distinguishable, and the rule which they lay down is not applicable here. We have before us in the instant case not an intermediate but a final account, approved and settled; and the reexamination attempted here is not by the probate court in the guardianship proceeding, but by the superior court in an independent action. Under such circumstances the judgment in favor of plaintiff cannot be sustained. The established rule is that the final account of a guardian, when settled and approved, and not attacked by appeal or other proper proceeding, is *res judicata* and conclusive even against the ward. (*Estate of McGue*, 180 Cal. 413 [181 Pac. 637]; *Brodrib* v. *Brodrib*, 56 Cal. 563.) It is likewise settled that the jurisdiction to determine the accounts of guardians is exclusively in the probate court. (*Smith* v. *Fidelity & Deposit Co.*, 130 Cal. App. 45 [19 Pac. (2d) 1018]; *Cook* v. *Ceas*, 143 Cal. 221 [77 Pac. 65].) The action brought by plaintiff is improper for both of these reasons.

It should be observed, as plaintiff concedes, that this is not a suit in equity to set aside a final judgment on grounds of extrinsic fraud. It is not contended that the defendant concealed property of the ward and failed to account for it; nor was there any fraudulent prevention of a hearing which might justify equitable intervention. (See *Simonton* v. *Los Angeles T. & S. Bank*, 192 Cal. 651 [221 Pac. 368]; *Lataillade* v. *Orena*, 91 Cal. 565 [27 Pac. 924, 25 Am. St. Rep. 219].) The statutory notice was given, and counsel for the new guardian were present at the hearing of the final account. The complaint is that the defendant testified falsely as to his expenditures on behalf of his ward. It is uniformly held that perjury is intrinsic, and

not extrinsic fraud, and therefore does not constitute a sufficient basis for equitable relief against a final judgment. (*LaSalle* v. *Peterson*, 220 Cal. 739 [32 Pac. (2d) 612]; *Pico* v. *Cohn*, 91 Cal. 129 [25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336]; see note, 23 Cal. L. Rev. 79.)

Plaintiff does not present any authority in point, nor does she suggest any tenable theory upon which recovery may be based. The judgment is accordingly reversed, with directions to the trial court to enter judgment for defendant.