[L. A. No. 17040. In Bank.—February 14, 1940.]

In the Matter of the Estate of ANNA BAXTER, Deceased. F. L. RICHARDSON. Administrator, etc., et al., Appellants, v. ROYAL INDEMNITY COMPANY, Respondent.

Wade Garfield and F. L. Richardson for Appellants.

Gray, Cary, Ames & Driscoll and Burton D. Wood for Respondent.

Clarence A. Henning as *Amicus Curiae* on Behalf of Respondent.

SHENK, J.—This appeal is from an order settling the first and final account and report of the administrator of the decedent's estate. It is presented on a bill of exceptions.

On April 18, 1919, Charles T. Chandler was duly appointed the guardian of the estate of Anna Baxter, an incompetent person. On March 2, 1922, Anna Baxter died. Chandler was then, on May 8, 1922, duly appointed the administrator of her estate. In June, 1922, he filed his third and final account in the guardianship proceeding, showing a balance in his possession as guardian of $31,295.25. That account was approved and settled by the court in the same month, and Chandler was ordered to deliver all property in his hands as guardian of the incompetent to himself as administrator. As such administrator he filed an inventory in the decedent's estate showing the sum of $31,700.25 as the total appraised value of all property which had come into his possession. On May 11, 1925, Chandler as administrator filed his first and final account and report, and a petition for distribution. That account showed receipts of $32,279.81, and disbursements of $31,001.78, which included partial distribution to three surviving brothers of the decedent, Joseph W. Hale, Charles N. Hale and Thomas H. Hale, leaving a balance on hand of $1278.03. At the hearing, pursuant to stipulation dated May 29, 1925, between the attorney for

Chandler as administrator, and Clarence A. Henning, as administrator of the estate of the deceased Thomas H. Hale, said first and final account and petition for distribution was stricken from the calendar and it was agreed that an amended final account would be filed in the ordinary course. Thereupon the court ordered a reduction in the bond of the administrator from $30,000 to $2,000 upon the showing that less than the latter amount remained in the possession of the administrator and that no additional funds or estate were expected to come into his possession.

No further proceedings were taken in said estate until the filing of the amended final account hereinafter mentioned. On May 24, 1935, Charles T. Chandler died, and on June 12, 1937, F. L. Richardson was appointed administrator *de bonis non* of the estate of Anna Baxter, deceased. On September 10, 1937, R. F. Smith was appointed administrator of Chandler's estate. On March 5, 1938, Smith, assuming to act on behalf of the estate of Charles T. Chandler, filed in the matter of the estate of Anna Baxter, deceased, an account designated "Amended Final Account" of Chandler's administration of the Baxter estate. In that amended final account Smith alleged that Chandler as guardian of the estate of Anna Baxter, an incompetent person, had received funds or property in excess of the amount reported by Chandler as such guardian to the extent of $17,901.53, and that Chandler at the time of his death was therefore indebted to the estate of Anna Baxter, deceased, in said amount. Royal Indemnity Company, respondent herein, filed objections to said amended final account in the form of a denial of the allegations thereof. On the hearing of said account and the first and final account previously filed by Chandler which had been put off calendar, and the objections thereto, the court found receipts totaling $32,279.81, and disbursements pursuant to appropriate orders in the sum of $31,655.98. It concluded that Chandler, as administrator, was chargeable with the difference between those sums, or $623.83, with interest on a portion thereof compounded annually.

Richardson, as administrator of the estate of Anna Baxter, deceased, Joseph W. Hale, as heir at law, and R. F. Smith, as administrator of Chandler's estate, appealed from the order.

The ground of the appeal is that the court erred in not settling the final account of Chandler in accordance with the amended final account as filed by Smith.

The bill of exceptions shows that on the hearing herein the court declined to receive in evidence the original and supplemental inventories and the first and second annual accounts and reports of Chandler as guardian, and the ninth annual account of James R. Baxter who preceded Chandler as guardian of the incompetent; and that the court based its findings and order upon the third annual account of Chandler as guardian, the order settling the same, the first and final account of Chandler as administrator, and the testimony of F. L. Richardson that all vouchers showing the disbursement of the funds had been lost or destroyed.

It is the theory of the appellants that the offered evidence showed that certain moneys or securities came into the possession of Chandler as guardian which were not accounted for by him in the guardianship proceeding, but which subsequently continued in his possession as administrator; and that the orders settling the accounts of the guardian as to such items as were claimed to have been unaccounted for or omitted were not final or conclusive herein. Reliance is placed upon *Estate of Clary,* 203 Cal. 335 [264 Pac. 242], and similar decisions and authorities to the effect that the settlement of accounts and reports is not conclusive as to any items which were not included in and actually passed upon by the court. It is contended that the items alleged in the amended final account filed by Smith were of that character, and that the probate court in this proceeding should have received the rejected evidence for the purpose of discovering such omitted items of property or money which had come into Chandler's possession as guardian and remained unaccounted for by him.

We conclude that the court's ruling was proper. If the amended final account, filed pursuant to section 932 of the Probate Code, and the evidence introduced or offered in support thereof, had indicated that certain moneys or property belonging to the Baxter estate were actually in the possession of the representative of Chandler's estate, the probate court would undoubtedly have had jurisdiction, notwithstanding the settlement of any prior account, to receive the report of the administrator to that effect, and to make any appropriate order of settlement and distribution. But

such is not the import of the application in the present proceeding. The record does not show, nor do the appellants purport to claim, that Smith, as administrator of Chandler's estate and on behalf of that estate, is reporting as a fact that there is money or property in his possession in the amount alleged which belongs to the Baxter estate. On the contrary, the plain inference is that the representative of the estate of Chandler has no such property, but that the object in filing the amended final account is to establish by judicial decree in the administration proceeding a debt due from the estate of Chandler to the estate of Baxter resulting from a claimed omission or defalcation in the accounts of Chandler in the prior guardianship proceeding. That this is so appears from the following facts:

All of the appellants herein are represented by F. L. Richardson as attorney or *in propria persona*. F. L. Richardson also represented Chandler during his administrations as guardian and as administrator of the Baxter estate. He testified that he had a contingent fee contract of employment whereby Joseph W. Hale agreed to pay him a fee equal to fifty per cent of any money or property recovered for Hale from the Baxter estate. It therefore appears that parties whose interests normally would be opposed are shown united in a joint effort to establish such defalcation on the part of Chandler; and that the only opposing party and respondent herein is the surety on Chandler's bond. No evidence was produced or offered to indicate that Chandler at any time as administrator received any funds or property in addition to that accounted for by him as such administrator and as found by the court on the hearing herein. In that connection the appellants are content to rely upon inferences to be drawn from the accounts offered in evidence and filed by Chandler in the guardianship proceeding, and their contention that any unaccounted for funds or property received by him as guardian are presumed to continue in his possession in his new capacity as administrator. They point to the following apparent discrepancies appearing in the accounts offered in evidence and rejected by the probate court: The last account of James R. Baxter, filed in February, 1919, and approved by order of court on March 7, 1919, showed a balance of cash in banks belonging to the estate on the 15th day of November, 1918, in the sum of $47,265.33. The original inventory and first account of Chandler as guardian

showed the receipt by him of $30,309.98, and no more, as "cash from the University Avenue Bank". In so far as the record shows, there is no explanation for the discrepancy in these two amounts. A supplemental inventory filed by Chandler in the guardianship proceeding showed the receipt of certain certificates of deposit issued by Baxter Bros. Bank in Iowa totaling in value the sum of $23,122.55, which by order of court were accepted in settlement of a claim against that bank. The first three certificates totaling $8,000 became due on or before March 1, 1922, and the balance between September 1, 1922, and September 1, 1924. The third annual account of Chandler as guardian filed on June 5, 1922, reported the amount of cash on hand as of June, 1921, taken from his second annual account, and in addition $11,-512.11 subsequently received from all sources. The latter amount, it is admitted, includes $8,000 proceeds from the certificates of deposit falling due prior to the filing of that account. The proceeds of the additional $15,000 plus of such certificates are reported by Chandler in his first and final administrator's account as constituting one of the items of property in the estate which had come to his possession, thus showing receipt by him as administrator of $14,672, cash in bank, $15,500.25 proceeds of certificates of deposit, and two further items which were the proceeds of notes and receipts from interest, making a total of $32,279.81. It is apparently the theory of the appellants that since Chandler reported at the outset the receipt of approximately $30,000 in "cash", and later received some $15,000 as proceeds from the certificates of deposit, he must have received a total of more than $45,000 instead of the reported sum in excess of $30,000. But in so far as the present record is concerned, there is nothing to show that the $15,000 worth of certificates of deposit were not "cash", or a substitute for credits designated as "cash", and included in the $30,000 originally reported by Chandler as guardian. Therefore, had the court received all of the rejected evidence, and based its present findings thereon, we would not be able to say that its findings were not supported by the record including such rejected evidence.

However, the rule relied on by the appellants did not authorize the court in the present proceeding to investigate the accounts filed by Chandler in the prior guardianship proceeding, approved and settled by an order of the court which

has since became final. ▉ The appellants may not invoke the jurisdiction of the probate court herein for the purpose of establishing a debt due to the Baxter estate from the estate of Chandler, in effect a money judgment, by virtue of some alleged act committed by Chandler in a different capacity. In so far as the present proceeding is concerned the purported attack upon the accounts of Chandler as guardian must be deemed to be collateral, and under familiar principles the order approving and settling such accounts in the prior guardianship proceeding are final and conclusive herein. (*Security-First Nat. Bank of Los Angeles* v. *Superior Court,* 1 Cal. (2d) 749 [37 Pac. (2d) 69] ; *Estate of McGue,* 180 Cal. 413 [181 Pac. 637] ; *Estate of Madsen,* 31 Cal. App. (2d) 240 [87 Pac. (2d) 903] ; 11A Cal. Jur., p. 180, and cases cited.) The rule relied on and stated in the Clary case was applied there in the same and not in a subsequent proceeding. What application it may have in an appropriate proceeding to reopen the guardianship matter or in a court of equity is not a question with which we are here concerned. ▉ Furthermore, if a recoverable loss was sustained by reason of any act of Chandler as guardian, it was chargeable against him "in what was then his true character", and not in his capacity as administrator. (24 Cor. Jur., p. 52, sec. 470.)

There is no merit in the contention that the court should have allowed interest on the whole of the amount found to be due from Chandler as administrator.

The order is affirmed.

Curtis, J., Carter, J., Waste, C. J., Gibson, J., and Edmonds, J., concurred.

Rehearing denied.