[L. A. No. 18529.   In Bank.   Feb. 9, 1943.]

F. L. RICHARDSON, as Administrator *de bonis non,* etc., Appellant, v. ROYAL INDEMNITY COMPANY (a Corporation), Respondent.

F. L. Richardson, in pro. per., for Appellant.

Gray, Cary, Ames & Driscoll and Burton D. Wood for Respondent.

SHENK, J.—This is an appeal by the plaintiff from an adverse judgment and order. F. L. Richardson, as administrator of the estate of Anna Baxter, deceased, filed a second amended complaint "for an Accounting and Recovery of Money" against Kathleen C. Bach as administratrix of the estate of Charles T. Chandler, deceased, and the Royal Indemnity Company.

The second amended complaint alleges the following facts: In 1908 Anna Baxter was adjudged an incompetent and John R. Baxter was appointed guardian of her person and estate. He died in 1918, whereupon Charles T. Chandler was appointed his successor. Chandler filed a bond in the sum of $60,000 executed by the defendant, the Royal Indemnity Company, as surety. He served in the capacity of guardian until Anna Baxter's death in March, 1922. In June, 1922 Chandler filed his third and final account as guardian, showing $31,295.25 of assets on hand. The account was approved as filed. Chandler was appointed administrator of the decedent's estate. He was directed by the decree approving and settling his account as guardian to turn over the assets shown by his guardian's account, namely $31,295.25, to himself as administrator. The Royal Indemnity Company was also the surety on Chandler's bond as administrator. It is further alleged that the sum of $15,122.55, evidenced by certain certificates of deposit, was also an asset of the estate during the time of Chandler's administration as guardian, that said sum was never accounted for by Chandler as guardian, but that it was fraudulently appropriated by him to his own use. As administrator he filed a final account which also did not show the $15,122.25 of additional assets. Chandler died in 1935 and before a hearing on the final account.

The plaintiff, F. L. Richardson, succeeded Chandler as administrator of the Anna Baxter estate. R. F. Smith was appointed administrator of Chandler's estate. Smith as administrator filed in the Baxter estate an amended account on behalf of Chandler purporting to show that there were assets in the sum of $17,901.53 unaccounted for belonging to that estate. The final account filed by Chandler and the amended account filed by Smith came on for hearing. The probate court approved the final account filed by Chandler. Its order approving Chandler's account and refusing to approve Smith's, was affirmed by this court on February 14,

1940 (*Estate of Baxter*, 15 Cal.2d 166 [99 P.2d 276]). On July 12, 1940, Smith was removed as administrator of Chandler's estate and Kathleen C. Bach was appointed in his place. The present action was commenced on May 11, 1940. Extenuating circumstances indicating the reason for delay in the discovery of the defalcation are alleged. It is also stated that Chandler as guardian was never discharged.

The second amended complaint contained a cause of action based on Chanlder's alleged breach as administrator and a second cause of action based on his alleged breach as guardian.

January 3, 1941, on direction of the plaintiff, the action was dismissed with prejudice as to the defendant, Kathleen C. Bach, administratrix of Chandler's estate.

The Royal Indemnity Company, hereinafter referred to as the defendant, filed a demurrer which was sustained as to the first cause of action and overruled as to the second. The defendant thereupon filed its answer.

At the commencement of the trial the defendant objected to the introduction of any evidence on the ground that the remaining or second cause of action did not state a cause of action against the defendant. Judgment for the defendant was entered based on the court's order sustaining the objection. Subsequently the plaintiff sought leave to file a third amended complaint by which he purported to restore Kathleen C. Bach, administratrix, as a party defendant. By order of the court, permission to file the third amended complaint was denied. The plaintiff's appeal is from the judgment and from the order.

The action was apparently filed pursuant to the suggestion in *Estate of Baxter*, 15 Cal.2d 166 [99 P.2d 276], that the granting of any relief on account of the alleged defalcation of Chandler was not a matter within the probate jurisdiction of the court in the administration of the decedent Baxter's estate, but was properly chargeable to Chandler either in an appropriate reopening of the guardianship proceeding or in an action invoking the equity powers of the court; that any recoverable loss from the surety was chargeable against Chandler in what was his true capacity when the alleged defalcation was committed. The allegations of the second amended complaint indicate a defalcation by Chandler in his capacity as guardian. The court cor-

rectly sustained the demurrer as to the first cause of action, which attempted to charge Chandler as administrator.

Likewise there was no error in the ruling sustaining the objection to the introduction of evidence on the second cause of action. When the action was dismissed with prejudice as against Chandler's administrator, the Royal Indemnity Company, as surety on the bond of Chandler as guardian, was the only defendant in the action. The facts alleged show that there was no adjudication in either an equity case or in the probate court, that any obligation existed on the part of Chandler or his estate to the estate of Baxter which had not been discharged. It is elementary that before a surety can be held for a breach of the bo: filed by the guardian, there must be an appropriate judici decree establishing the fact of the breach and the amoui due. (*Cook* v. *Ceas,* 143 Cal. 221 [77 P. 65] and cases cited *Keck* v. *Keck,* 16 Cal.App.2d 521, 526 [61 P.2d 79].) W are not here considering any special defenses raised or which could be interposed by the defendant. Insofar as we are concerned with the facts shown by the second amended complaint there is no allegation, and because of the absence of any appropriate adjudication it cannot now be alleged, that there is anything due from Chandler as guardian which has not been settled and paid.

The cases relied on by the plaintiff state the rule invoked by him, namely, that equity will afford relief against a guardian who within that rule has fraudulently prevented a full disclosure of all the assets of the estate, and a decree of the probate court settling such a fraudulent account will not be a bar to equitable relief. (See *Caldwell* v. *Taylor,* 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194], and cases cited p. 475.) But those cases cannot assist the plaintiff. The equitable relief which he seeks is available to him only against the party who committed the breach, or his personal representative. In any action where relief was sought against the surety, the fact of the breach and the amount due had been adjudicated either by the probate court or by decree in a separate action against the defaulting fiduciary. (See for example *Maloney* v. *Massachusetts Bonding & Ins. Co.,* 20 Cal.2d 1 [123 P.2d 449].)

The trial court correctly concluded that the second amended complaint failed to state a cause of action against the surety. No abuse of discretion is shown in the court's

refusal of permission to file the third amended complaint. Application to file it was made after the plaintiff's voluntary dismissal with prejudice as against Chandler's administratrix, and after the trial and the entry of judgment. There is no showing that the plaintiff was entitled to further opportunity to plead in the present action.

The judgment and the order are affirmed.

Edmonds, J., Carter, J., Traynor, J., and Peters, J. pro tem., concurred.

Appellant's petition for a rehearing was denied March 8, 1943.