[S. F. No. 3138.    Department One.—May 13, 1905.]

JULIA NICKALS, an Incompetent Person, by her Guardian, etc., Appellant, v. JAMES STANLEY, as Administrator, etc., of W. W. Nickals, deceased et al., Respondents.

ESTATES OF DECEASED PERSONS—ACTION ON BOND OF ADMINISTRATOR—LIABILITY UNDETERMINED BY ORDER.—An action will not lie, pending the administration of the estate of a deceased person, upon the bond of the administrator for an alleged breach thereof prior to any order of the probate court determining his liability therefor, and ascertaining the amount of his indebtedness.

ID.—ACTION AGAINST ESTATE—PARTIES.—In an action against the administrator of the estate, as such, the sureties on his bond are not proper parties defendant.

ID.—ACTION FOR INSURANCE MONEY PAYABLE TO WIDOW—APPLICATION TO DEBTS OF ESTATE.—Neither the administrator in his official capacity nor the sureties on his bond are liable in an action by the widow of the decedent for the appropriation of the proceeds of an insurance policy payable to her, which were collected by the administrator and applied to the payment of funeral expenses and other debts of the estate.

ID.—CONVERSION BY ADMINISTRATOR—ESTATE NOT LIABLE AT LAW.—The administrator, in his individual capacity alone, is liable to the widow for a wrongful conversion of insurance money belonging to her, and held by him in trust for her. The estate cannot be held liable for his tort, in an action at law therefor, although persons interested in the estate may have profited thereby, whatever might be the liability of the estate in equity upon proper averments.

APPEAL from a judgment of the Superior Court of Alameda County.    W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, and Frank Little, for Appellant.

Thomas C. Huxley, for Respondents.

ANGELLOTTI, J.—Plaintiff brought this action against James Stanley, as administrator of the estate of her deceased husband, and the sureties on his official bond as public administrator, to recover the sum of $4,895.65, proceeds of a policy of insurance on the life of decedent, which policy, according to the allegations of the complaint, was payable "to

his executors or administrators . . . for the benefit of his wife, the said Julia A. Nickals, if she should survive him." It was alleged that he had, as administrator, collected said amount on said policy, and had used and expended all of the same "in paying the debts of said William W. Nickals, deceased, and the expenses of his last illness and funeral, and costs of administration of said estate," instead of paying the same to plaintiff. This was the sole ground of plaintiff's action.

It may be assumed that Stanley applied for letters of administration of this estate as public administrator, and that his official bond as public administrator stood in lieu of the ordinary administrator's bond required by law. (Code Civ. Proc., sec. 1727.) Such bond was conditioned to the effect that said Stanley should faithfully execute the duties of public administrator of Alameda County, California.

No final account of his administration of said estate has ever been filed by Stanley. It is not alleged that any account has ever been presented by said Stanley as administrator, or that the court in probate has ever made any order of distribution, or any order setting apart any property or money to the widow. Stanley, as administrator, and two of the defendant sureties demurred to an amended complaint on various grounds, and the demurrers were sustained, with leave to amend. Plaintiff failing to amend, judgment went in favor of said defendants, and from this judgment plaintiff appeals.

It is clear that no cause of action is stated against the defendant sureties. Under the terms of their contract, they were responsible only for the faithful performance of such duties as were imposed by law upon Stanley, *as administrator of the estate of the deceased.* If the proceeds of the insurance policy were received by Stanley as a trustee for the widow and solely for her use, because of the terms of the agreement between deceased and the insurance company, such proceeds were in no sense property of the estate, and were not received by him in the discharge of any official duty as administrator. The property was, in such event, the property of the widow, and Stanley was simply her agent or trustee in regard thereto. The sureties on his bond as administrator had not undertaken to be responsible for the faithful performance of his duties as such agent or trustee, or for the faithful per-

formance of any duties except those relating to the administration of the decedent's estate.

If the proceeds of the policy did become assets of the estate, there could be no liability on the part of the sureties in regard thereto prior to an order or decree of the court in probate fixing the liability on the part of the administrator. It does not appear that there has been any such order or decree. An administrator holds all of the assets of an estate, subject to the control of the court having jurisdiction of the estate, and that court has sole and exclusive jurisdiction to settle the accounts of the administrator, and to determine to whom the property of the estate shall be set apart or distributed. The liability of the administrator, arising from his dealings with the property of the estate, can, during the pendency of the administration and the lifetime of the administrator, be determined only by the judgment or order of such court, and until such determination has been made, no action can be maintained upon the administrator's bond. It has been repeatedly held that an action cannot be maintained against the sureties of an executor, administrator, or guardian for breach of the bond until the amount of indebtedness has been determined by order of the probate court. (See *Cook* v. *Ceas,* 143 Cal. 221, 225, and cases there cited; *Reither* v. *Murdock,* 135 Cal. 197; *Chaquette* v. *Ortet,* 60 Cal. 594.) These decisions are applicable here.

As to the defendant Stanley, the action has apparently been treated as an action against him in his official capacity as administrator only. It was so limited in the title of the action as given in the complaint, but the allegations of the complaint make it somewhat uncertain as to whether it was intended to sue him individually or as administrator solely. The fact that the sureties on his bond were joined with him as defendants indicates an intention to sue him individually, for they would not be proper parties defendant in an action against him purely as administrator. However this may be, he appeared and demurred solely as administrator, and the judgment is in his favor solely as administrator, and it does not appear that James Stanley individually was ever brought within the jurisdiction of the court in this action. It may be added that counsel for plaintiff, in their brief, treat

the action as one against Stanley in his official character only. The question as to whether the complaint stated a cause of action against Stanley individually is therefore not involved in this appeal. We must take the action against Stanley as one against him in his representative capacity only, and therefore as simply an action against the estate of his intestate. (*Sterrett* v. *Barker*, 119 Cal. 492, 494; *Schlicker* v. *Hemenway*, 110 Cal. 579.[1]) The demurrer interposed by defendant Stanley as administrator was the demurrer of the estate only. If the complaint failed to state a cause of action against the estate, the demurrer of the representative thereof was properly sustained.

Plaintiff has cited some cases from other jurisdictions, in which it is held that where the property of another has been appropriated to the use of an estate by an administrator or executor, the estate may be held liable. It is well settled here that an estate cannot be held liable for a tort committed by an administrator or executor. (*Sterrett* v. *Barker*, 119 Cal. 492; *Melone* v. *Davis*, 67 Cal. 279, 282; *Eustace* v. *Jahns*, 38 Cal. 3, 21, 23.) The foundation of this action is the alleged personal tort of Stanley,—viz., the conversion by him of personal property of the plaintiff. He could not by any such wrongful act on his part bind the estate, but if guilty thereof would be personally liable therefor. As said in *Eustace* v. *Jahns*, 38 Cal. 23, "the very nature of the action imports the culpable delinquency of a sentient being, and a personal liability in consequence thereof, a delinquency or misfeasance which cannot be affirmed of an estate, and when such liability is established, and the extent thereof determined by the judgment of a competent court, it is enforced against the individual perpetrator of the wrong." If sued individually, Stanley could have defended under his claim as administrator and put in issue the question as to whether the money was the property of plaintiff or of the estate, but if he had failed in substantiating his claim, judgment must necessarily have been against him, and could not be against the estate. (*Sterrett* v. *Barker*, 119 Cal. 492.) The fact that persons interested in the estate may have profited by reason of the wrongful act of the administrator cannot affect the question as to the liability of the estate.

It may be that where the property of another has been

---

[1] 52 Am. St. Rep. 116, and note.

actually used for the benefit of an estate, an action in equity may, under some circumstances, be maintained against the estate and those interested in the property thereof, to have the claim of the owner made a charge against such assets of the estate as may properly be held chargeable therewith. It is, however, unnecessary to express any opinion on this question. This is not such an action. There is no allegation intimating that there is any property of the estate, and the action is simply an action at law against the estate, based upon the alleged personal tort of the administrator.

As we are satisfied that the complaint failed to state a cause of action against any of the respondents, it is unnecessary to consider any of the other points made by the demurrers.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.