[S. F. No. 7654. Department Two.—March 12, 1918.]

AMANDA C. BRANDON, Administratrix, etc., Respondent, v. ANGLO–CALIFORNIA TRUST COMPANY (a Corporation), et al., Appellants; GEORGE S. WALKER, Building and Loan Commissioner, Respondent.

BUILDING AND LOAN ASSOCIATIONS—APPOINTMENT OF CUSTODIAN BY COMMISSIONER — COMPENSATION OF CUSTODIAN — PREMATURE ACTION—PENDENCY OF APPEAL.—Under section 9 of the "Building and Loan Commission Act" (Stats. 1911, p. 607; amended Ex. Sess. 1911, p. 6), when the commissioner determines that a building and loan association is conducting its affairs in an unsafe manner and appoints a custodian of its property and assets, and on a proceeding by the attorney-general for the approval and confirmation of the act of the commissioner, judgment is rendered disapproving his action in taking possession of the business and affairs of the association, and an appeal is taken from that judgment of disapproval, the custodian has no right of action to recover his compensation fixed by the commissioner, while that appeal is pending.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Franklin A. Griffin, Judge.

The facts are stated in the opinion of the court.

Gavin McNab, and R. P. Henshall, for Appellants.

Leon Martin, for Respondent Amanda C. Brandon.

U. S. Webb, and Robert W. Harrison, for Respondent George S. Walker.

MELVIN, J.—Two of the defendants, Anglo-California Trust Company and Continental Building and Loan Association (corporations), appeal from the judgment and an order denying their motion for a new trial.

The facts which are undisputed are as follows: On the eighth day of August, 1912, following a report made to him dealing with the status of the Continental Building and Loan Association, the building and loan commissioner of California made an examination of the affairs, business, and condition of that corporation, and found and determined that it was conducting its business and affairs in an unsafe manner so as to render its further proceedings hazardous to the public and to those doing business with it and to those having funds in its custody. This determination was made under the authority of section 9 of an act of legislature, found in the Statutes of 1911 at page 607 (as amended), Extra Session 1911, page 6.

In further attempted compliance with the act the commissioner appointed Franc J. Brandon—who was the original plaintiff in this action but who has since died and is here represented by the administratrix of his estate—custodian of all the property and assets of the Building and Loan Association. Thereafter the attorney-general, pursuant to the statute, commenced and conducted a proceeding for approval and confirmation of the action of the commissioner. The result after trial was a judgment and decree disapproving of the action of the commissioner in taking possession of the business and affairs of the Building and Loan Association.

The custodian claimed, and this is a suit to recover, compensation for ninety-three days during which he had controlled the property, at the rate of eight dollars per day, which was the amount fixed by the commissioner. This, after deducting a credit of $20 collected and retained by the custodian, amounted to $724. The court gave judgment for this sum, and it was further found that while the commissioner was in possession of the Continental Building and Loan Association he deposited with the Anglo-California Trust Company certain funds of the said Continental Building and Loan Association; that he gave an order in writing that said Anglo-California Trust Company pay to plaintiff from said

funds the sum of $724, but that the trust company refused to comply with said order.

Both appellants contend that the judgment and order are erroneous because, (1) the fees claimed cannot be due until the judgment of the superior court disapproving the action of the commissioner has become final; (2) because the act under which plaintiff's predecessor was appointed is unconstitutional in that it permits the taking of property without due process of law and in that it is a legislative exercise of judicial functions, and (3) because if any cause of action for the recovery of fees exist, it is vested not in the custodian or in his representative, but in the commissioner.

The statute under which the building and loan commissioner is empowered to act, after defining his duties subsequent to taking possession of the affairs of a building and loan association deemed unsafe, and after providing that the judgment of a court shall be invoked for the approval or disapproval of his action, contains the following provisions: "If the court shall approve and confirm the action of the commissioner, such approval and confirmation shall operate as a permanent injunction against the further prosecution of business by such association, corporation or society, and the commissioner shall proceed immediately to liquidate the business and affairs thereof, and so continue until such liquidation has been completed. If the action of the commissioner shall be disapproved by the court, the commissioner shall cause all reasonable expenses incurred by him during his occupancy or possession, including not exceeding eight dollars per diem, for each business day, as the compensation of the custodian, to be paid from the funds of such association, corporation or society, and immediately restore the balance of the property and assets thereof to the possession of the proper officers." (Stats. 1911 (Extra Sess. 1911), p. 8.)

When the action at bar was instituted an appeal from the judgment of disapproval had been taken and was and still is pending. Appellants insist that until a final judgment in that proceeding the respondent here has no standing, because in the event of a reversal of that judgment now on appeal any possible cause of action which plaintiff might otherwise have will be vitiated. The very basis of the claim of the custodian, say appellants, is a judgment of the court disapproving the action of the commissioner. Without such a judg-

ment, they say, the commissioner has no power under the law to order payments for the custodian's services.

Section 1049 of the Code of Civil Procedure provides that an action shall be deemed pending until its final determination on appeal. Accordingly it has been held that a cause of action upon a judgment does not accrue until the judgment becomes final and admissible in evidence. (*Feeney* v. *Hinckley,* 134 Cal. 467, [86 Am. St. Rep. 290, 66 Pac. 580].) An action will not lie upon the bond of a guardian until the order settling his account becomes final either by lapse of time for appeal or determination of the appeal, if one be taken (*Cook* v. *Ceas,* 143 Cal. 221, [77 Pac. 65]); nor upon the bond of an administrator prior to an order of the probate court determining his liability. (*Nickals* v. *Stanley,* 146 Cal. 724, [81 Pac. 117].) It has even been held that a deposition *de bene esse* may be taken after trial and before determination of the appeal. (*San Francisco Gas and Electric Co.* v. *Superior Court,* 155 Cal. 30, [17 Ann. Cas. 933, 99 Pac. 359].) The same principle is illustrated in such cases as *Bruce* v. *Bruce,* 160 Cal. 28, [116 Pac. 66], and *Dunphy* v. *Dunphy,* 161 Cal. 87, [118 Pac. 445]. We can see no escape from the conclusion supported by the foregoing authorities and the cited section of the Code of Civil Procedure that the custodian would have no ripened cause of action until the judgment of disapproval should become final.

The clear purpose of the statute is to provide that if the action of the commissioner be approved by the court, he shall liquidate the affairs of the corporation. He is in effect the receiver acting in pursuance of the injunction against the further prosecution of business by the corporation, and after liquidation he must submit his report thereof for final approval by the court. As an officer of the court he acts in such case under the supervision of that tribunal, but if his action be disapproved by the court, he is given the right under certain restrictions contained in the act itself to compensate the custodian. His powers respecting payment of that functionary are entirely different under a judgment approving and one disapproving of his assumption of control of the corporation's affairs. Hence it follows that his direction for payment of funds made without order of the court is only finally enforceable when there has been a final decision that his original exercise of authority was disapproved.

Respondents' counsel say that were it true that a judgment is effective for no purpose and inadmissible in evidence until it has become final, a judgment creditor would be unable to recover by action the judgment debtor's property in the hands of a fraudulent transferee, until the ultimate decision of the original case on appeal. Such action, they say, may be commenced immediately upon the entry of the original judgment, citing *Sewell* v. *Johnson,* 165 Cal. 762, [Ann. Cas. 1915B, 645, 134 Pac. 704], and *Jenner* v. *Murphy,* 6 Cal. App. 434, [92 Pac. 405]. But those cases and other authorities along the same line are not in point. This is not an action by a party to enforce a judgment in his favor or to protect his rights as a creditor from spoliation by a fraudulent transfer of the debtor's property. Plaintiff here is suing to enforce the order of the commissioner for the payment of money to him—an order which the commissioner had the power under the statute to make only in the event of a certain sort of judgment being entered in the proceeding provided by the act in question. If another sort of judgment should be entered, the commissioner would be powerless to order the payment of any of the expenses of his management of the corporation's business except by approval of the court having supervision of the proceedings for liquidation. Until the judgment becomes final the powers of the commissioner are undefined.

As we are persuaded that the action has been prematurely commenced, it is not necessary for us to discuss the other points made by counsel in their briefs.

The judgment and order are reversed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.