[Civ. No. 5234. First Appellate District, Division Two.—July 1, 1927.]

E. JURI, Respondent, v. H. KOSTER, Appellant.

Lloyd Macomber for Appellant.

A. H. Ricketts for Respondent.

NOURSE, J.—The appeal is from a judgment in favor of the plaintiff following defendant's failure to answer after his demurrer to the amended complaint had been overruled. The action is one for the breach of a written contract which is set out in full as a part of the amended complaint. The demurrer is both general and special, but as the amended complaint was framed in three distinct causes of action, the third of which pleaded an account stated as to which no general demurrer was interposed, it will be necessary to consider the grounds of the special demurrer only because, if the amended complaint pleaded one good cause of action, the general demurrer could not have been sustained to the pleading.

The written agreement upon which the litigation is based was executed by the Pacific Alloy and Steel Company, a corporation, as party of the first part, three named trustees, parties of the second part, and sixteen individual parties of the third part who severally agreed to pay to these trustees the amounts specified as subscriptions opposite their respective names. The purpose of the agreement was to raise funds to enable the trustees to adjust the claims of creditors of the corporation of which plaintiff's assignor was the principal one, but inasmuch as this assignor also joined in the agreement and obligated himself to pay something over $13,000 monthly to the trustees it was expressly agreed that his claim of $162,676.77, being much in excess of the total monthly payments required to be paid by him consisting entirely of loans and advancements made by him to the corporation for its use and benefit, "the payment of his account in full shall be assured and guaranteed." For this purpose the parties of the second part, the trustees, jointly, in their individual capacity as well as representatives of the other parties to the agreement, guaranteed the payment of this account in full.

The agreement also provided that no default on the part of any subscriber should affect the rights of plaintiff's assignor under the agreement and that the trustees should

jointly and severally have the right to sue for and collect any sums due from any subscriber. From this it is argued that the plaintiff did not have legal capacity to sue, but that the suit should have been brought by the trustees. But the complaint alleged that demand had been made upon the trustees and that they had refused to bring the suit. The point is answered by the agreement itself, which picks out plaintiff's assignor from all the other creditors and declares that his claim alone shall be paid in full while all others are subject to adjustment. By thus acknowledging his claim and providing that it should be paid in full irrespective of what arrangements might be made with the other creditors, the agreement made him an express beneficiary entitling him to sue under the terms of section 1559, Civil Code, which reads: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

It is argued that there is a defect of parties plaintiff in that neither the corporation nor the trustees or the other creditors were joined as such. Though the corporation was the principal in the execution of the contract the defendant undertook a several liability upon which he was liable to be sued without joining his principal either as a party plaintiff or as a party defendant. (Code Civ. Proc., sec. 383.)

As to the trustees, they were not united in interest within the meaning of section 382 of the Code of Civil Procedure, and hence were not required to be joined as either plaintiffs or defendants. (*San Diego Water Co.* v. *Flume Co.*, 108 Cal. 549, 557 [29 L. R. A. 839, 41 Pac. 495].) The creditors, other than plaintiff's assignor, were not parties to the agreement and, though it was executed partly for their benefit, paragraph eight thereof was distinctly and solely for the benefit of plaintiff's assignor. It is for the breach of this portion of the agreement that this suit was commenced and we can see no reason for joining the other creditors, particularly as it does not appear from the complaint that any one of them has an enforceable claim against either the corporation or the subscribers in the agreement at the time this suit was begun.

It is argued that there is a defect of parties defendant because of the failure to join as such the other creditors and the other subscribers. If we are right in our conclusion

that the other creditors need not have been joined as parties plaintiff, then, of course, they are not necessary parties defendant because it is only on the theory that they are necessary plaintiffs and refuse to join as such that the defendant may claim that they should be joined as defendants. ■ As to the other subscribers the point is completely answered by the special terms of the agreement which authorize suit against any defaulting party in favor of plaintiff's assignor.

■ The defendant urges that the complaint is uncertain, unintelligible, and ambiguous in a number of particulars. It is not necessary to consider these specifications because the complaint does not plead the essential facts to acquaint the defendant with the nature of the cause of action. These specifications of uncertainty are really not matters of uncertain pleading, but are matters going to the legal interpretation of the rights and the liabilities of the respective parties under the contract. ■ As the defendant was a party promisor in the contract, which therefore must be interpreted most strongly against him (Civ. Code, sec. 1654), any uncertainty in the contract is not a matter for special demurrer to the complaint because the means of clearing that uncertainty are with the defendant and he is presumed to be the party who caused the uncertainty to exist. (Idem.)

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 29, 1927.