[Civ. No. 11075. Second Appellate District, Division One.—February 15, 1937.]

R. P. ARCHER, Respondent, v. CHARLES M. EDWARDS, Appellant.

Samuel J. Crawford for Appellant.

Tobias R. Archer for Respondent.

YORK, J.—Early in the year 1927, one Kate Trout, the owner of a certain parcel of real property, exchanged the same for some stock owned by parties named Taylor. The Taylors on May 13, 1927, executed a promisory note due in one year for the sum of $4,000 in favor of one Jess Chenoweth, and to secure the same executed a trust deed on the property which they had obtained from Kate Trout. On June 15, 1927, Chenoweth assigned the note and trust deed for

a valuable consideration to the appellant, Charles M. Edwards, endorsing the note on the back thereof: "Without recourse. For value received, I do hereby transfer and assign the within note to C. M. Edwards, together with all rights, accrued or to accrue under the Deed of Trust securing the same so far as the same relate to this note and without recourse on me. Jess Chenoweth." A few days thereafter, to wit, on June 21, 1927, appellant sold the note and trust deed to the respondent for $3,805 cash, endorsing the note as follows:

"Los Angeles, California, May 27, 1927.

"For value received, I do hereby grant and assign to R. P. Archer the within note together with all rights accrued or to accrue under the Deed of Trust securing the same, so far as the same relate to this note.

"CHAS. M. EDWARDS."

The note not being paid at maturity, respondent Archer caused the property covered by the trust deed to be sold, he himself bidding in the property at said sale for $4,500, and on June 23, 1928, he received a trustee's deed therefor.

On November 5, 1928, Kate Trout served notice of rescission on respondent Archer and other parties to the exchange transaction first above mentioned, demanding a return of the real property which she had exchanged for the stock owned by the Taylors, and on January 8, 1929, she commenced an action to quiet title to the real property which was then held by respondent Archer by virtue of his trustee's deed. The trial court in that case found that the deed executed by Trout, which did not contain the name of the grantee at the time it was executed, was null and void, but in order to secure respondent Archer for the sum of $4,611.16 due him at the time of the foreclosure sale, awarded him a lien against the real property involved for that amount. Upon appeal, the Supreme Court, under date of April 30, 1934, held that the deed executed by Kate Trout was void *in toto* and a nullity, since it did not contain the name of the grantee at the time it was executed by Trout, and, therefore, could not be made the foundation of a good title even under the equitable doctrine of *bona fide* purchase, and denied any relief to respondent Archer. (*Trout* v. *Taylor*, 220 Cal. 652 [32 Pac. (2d) 968].)

On July 16, 1935, respondent Archer brought the present action on a common count against appellant Edwards to

recover the "sum of $3805.00, money received from plaintiff by defendant to and for the use and benefit of plaintiff". The court found for respondent in the sum of $3,689, and also found that the "plaintiff's cause of action is not barred by any of the provisions of either of the sections 337, 338, 339, or 340 of the Code of Civil Procedure of the State of California, pleaded by defendant". Judgment was entered accordingly.

Upon the appeal it is claimed by appellant that:

"First: The action is governed by the provisions of the Negotiable Instruments Law.

"Second: The action, if any there be, is barred by the provisions of the Statute of Limitations.

"Third: The Rule of Caveat Emptor applies as the transaction here involved is to be treated as the case of an ordinary sale of a chose and is governed by the provisions of C. C. § 1764 and C. C. § 1774, as existing in 1927.

"Fourth: The plaintiff did not establish a total failure of consideration."

As to the first numbered claim of appellant, we do not find facts or circumstances shown by the record in this case that even indicate that the negotiable instruments law of the state of California could be made to apply in aid of any contention of appellant.

As to the claim of appellant that the action is barred by the statute of limitations, the record discloses that the statute of limitations was tolled by the action of the parties and the decision of the trial court, together with the time taken by the Supreme Court in deciding the appeal, up to and including the date that the decision of said Supreme Court became final, to wit: May 30, 1934.

As to the claim that the rule of *caveat emptor* applies to the transaction here involved, there is no evidence that the respondent at any time prior to the time that he parted with his money had any knowledge or means of knowledge that the deed of Kate Trout when it was executed did not contain the name of the grantee, and it was not until after he was in court that he gained knowledge of that fact.

As to the appellant's fourth claim that respondent did not establish a total failure of consideration, the opinion of the Supreme Court in *Trout* v. *Taylor, supra,* shows on its

face that there was a total failure of consideration passing to the respondent herein.

The judgment is affirmed.

Doran, J., concurred.

Houser, P. J., dissented.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 12, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1937. Thompson, J., voted for a hearing.