[Civ. No. 11317. First Appellate District, Division Two.—January 31, 1940.]

In the Matter of the Estate and Guardianship of MARY O'CONNOR, an Incompetent Person. JOSEPH P. DONAHUE, Appellant, v. MAY G. BURNS, Executrix, etc., Respondent.

Frank J. Perry for Appellant.

James M. Thomas for Respondent.

NOURSE, P. J.—The guardian of the person and estate of Mary O'Connor, an incompetent person, has appealed from an order of the superior court confirming in part the referee's report and findings in relation to the guardian's accounts. ██ The appeal is presented upon a bill of exceptions and involves these questions as stated by appellant: "Is the evidence sufficient to support the findings as to the unreasonableness of charges made by the ward's attending physician for services; as to payments made by attending nurses to guardian and as to appropriation to guardian's own use of proceeds from certain checks cashed by him?"

On a former appeal involving this guardian's accounts this court directed that he be charged compound interest because of the unimpeached showing of the guardian's misappropriations, defalcations, and wilful violations of his trust. As evidence of the guardian's misconduct, which we held sufficient to require a reversal and a direction to allow the ward compound interest, we said on the former appeal, 28 Cal. App. (2d) 527, 529 [83 Pac. (2d) 65, 66] : " . . . he permitted his doctor to present a highly exorbitant bill for services which he claimed to have rendered for the ward; he drew checks on the estate in favor of the nurses far in excess of the amount of their wages, had them cash the checks and give him the difference for his own use; he purchased large quantities of liquor for his own use and paid the dealer with checks drawn on the estate; he bought drugs, groceries, flowers, clothing and household supplies for which he paid with checks upon the estate. In many of these transactions, small quantities of goods were purchased and checks far in

excess of the amount charged were given and cashed. The proceeds he put in his pocket, and his only explanation was that he 'gambled it'. In the same manner he purchased his own clothing and household supplies, and paid his dentist, oculist and barber, and his wife's laundry.''

The foregoing statement of facts was based upon the findings of the referee and of the superior court. They are as final as any findings on disputed issues of facts could be. It would be a useless task to copy the portions of the evidence which support the findings which are now under attack. The evidence is all in the bill of exceptions, much of it admitted without objection, and sufficient of it competent and free of any objection as to its admissibility or materiality. We do not have on this appeal any question of law or error. The position of appellant is that his evidence is more reasonable and more probable, that the evidence which the referee and the trial court believed we should view with suspicion and reject as unsatisfactory or improbable. The argument of counsel is simply a discussion of reasons why the testimony of some of respondent's witnesses should not be believed. It cannot be disputed that, if this evidence is taken as true, it is sufficient to support the findings and order.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.