[S. F. No. 19062. In Bank. Oct. 29, 1954.]

COUNTY OF SANTA CLARA, Appellant, v. HAYES
COMPANY (a Corporation), Respondent.

Howard W. Campen, County Counsel (Santa Clara), and Donald K. Currlin, Assistant County Counsel, for Appellant.

Campbell, Custer, Warburton & Britton, Austen D. Warburton and Edwin J. Owens for Respondent.

TRAYNOR, J.—Plaintiff has appealed from a judgment of dismissal entered after it declined to amend its first amended complaint following the sustaining of a demurrer. In its first cause of action plaintiff alleged that it orally contracted with defendant for the latter to publish in its newspaper a proposed county charter for 10 days before the election of November 2, 1948. Owing to defendant's negligence the publications of September 17th, 18th, 19th, 20th and 21st were so defective that the charter was invalidated in quo warranto proceedings commenced a few weeks after the charter went into effect on July 1, 1949. These proceedings were terminated by a decision of this court on May 28, 1951. On or about September 27, 1948, defendant filed its affidavit with plaintiff that the charter had been published for 10 days, and plaintiff did not discover that five of the publications were defective until November 10, 1948, after the charter had been approved by the voters. In May, 1949, plaintiff submitted the charter to the Legislature, and it was adopted

and approved. Plaintiff seeks to recover the expenses it incurred in the preparation of the charter and its presentation to the voters. In its second cause of action plaintiff realleged the facts stated in its first cause of action and also alleged that the oral contract had been reduced to writing by defendant on September 30, 1948. A copy of the writing, consisting of the bill sent by defendant to plaintiff for the publishing costs, was attached to the complaint. In its third cause of action plaintiff realleged the facts stated in its first cause of action and also alleged facts purporting to show that defendant was estopped to plead the statute of limitations. Defendant demurred to each cause of action on the ground that it was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure, and on the ground that it was uncertain, ambiguous and unintelligible.

Section 339, subdivision 1, provides a two-year statute of limitations for an action "upon a contract, obligation or liability not founded upon an instrument in writing. . . ." Defendant contends that plaintiff's cause of action arose in September, 1948, when the mispublications occurred, and that since this action was not filed until November, 1951, it is barred by the two-year statute. Plaintiff contends, on the other hand, that the cause of action did not arise until this court affirmed the judgment invalidating the charter in 1951, and that in any event, either section 337, subdivision 1, or section 343 of the Code of Civil Procedure is the applicable section. It also contends that if the cause of action accrued at the time of the mispublications, the statute was tolled from July 1, 1949, to May 28, 1951, the period the charter was in effect.

It is unnecessary to decide whether plaintiff's cause of action accrued when defendant failed properly to publish the charter, when plaintiff learned of the mispublications, or when the mispublications resulted in damage. Even if it is assumed that plaintiff's cause of action accrued at the earliest of these dates, the action was timely brought.

In the light of the decision invalidating the charter (*People v. County of Santa Clara*, 37 Cal.2d 335 [231 P.2d 826]), it is clear that plaintiff would have been justified in not presenting the·charter to the Legislature for approval at the 1949 session. Had it followed that course nothing would have prevented it from immediately bringing an action against defendant for damages. Instead, however, plaintiff took the position that the mispublications were not sufficient to in-

validate the proceedings, and it successfully prevented the superior court from enjoining the certification of the charter to the Legislature. (*Santa Clara County* v. *Superior Court,* 33 Cal.2d 552 [203 P.2d 1].) Thereafter the charter was approved by the Legislature, and it went into effect on July 1, 1949. Once the charter had been put into effect, however, it could only be attacked in quo warranto proceedings. (*Taylor* v. *Cole,* 201 Cal. 327, 333, 338-340 [257 P. 40], and cases cited; see *American Distl. Co.* v. *City Council of Sausalito,* 34 Cal.2d 660, 667 [213 P.2d 704, 18 A.L.R.2d 1247].) Under these circumstances the principle stated in *Dillon* v. *Board of Pension Commrs.,* 18 Cal.2d 427 [116 P.2d 37, 136 A.L.R. 800], is applicable. "It is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights." (18 Cal.2d at 431; see also *Berger* v. *O'Hearn,* 41 Cal.2d 729, 733 [264 P.2d 10]; *Estate of Caravas,* 40 Cal.2d 33, 40 [250 P.2d 593]; *Judson* v. *Superior Court,* 21 Cal.2d 11, 14 [129 P.2d 361]; *Christin* v. *Superior Court,* 9 Cal.2d 526, 532-533 [71 P.2d 205, 112 A.L.R. 1153]; *Kinard* v. *Jordan,* 175 Cal. 13, 15 [164 P. 894]; *Marden* v. *Bailard,* 124 Cal.App.2d 458, 465 [268 P.2d 809]; *Martin* v. *Goggin,* 107 Cal.App.2d 688, 690 [238 P.2d 84]; *Burns* v. *Massachusetts etc. Ins. Co.,* 62 Cal.App.2d 962, 970 [146 P.2d 24]; *Wells* v. *California Tomato Juice, Inc.,* 47 Cal.App.2d 634, 638 [118 P.2d 916]; *Archer* v. *Edwards,* 19 Cal.App.2d 253, 256 [65 P.2d 115]; *Estate of Morrison,* 125 Cal.App. 504, 510 [14 P.2d 102]; *Elliott & Horne* v. *Chambers Land Co.,* 61 Cal.App. 310, 312 [215 P. 99]; Code Civ. Proc., § 356.) While the charter was in effect, plaintiff could not attack it in an action against defendant and thus could not establish damages flowing from the mispublications.

It is contended, however, that since plaintiff could have avoided the bar of the rule against collateral attack of its charter by not submitting the charter to the Legislature for approval, it should not be allowed to rely on that bar now. Plaintiff was not in a position, however, indefinitely to delay proceedings. (See *Dillon* v. *Board of Pension Commrs., supra,* 18 Cal.2d 427, 430.) As was pointed out in *Santa Clara County* v. *Superior Court, supra,* 33 Cal.2d 552, 554, plaintiff was required to submit the charter to the then current session of the Legislature, if it was to become effective at all. It was confronted with the choice of assuring damages by

failing to submit the charter or attempting to avoid any damage by putting it into effect. It would be anomalous if by the very act of attempting to prevent damage from defendant's wrong, it should lose the benefit of the rule tolling the statute while its action was barred. (See *Christin* v. *Superior Court, supra,* 9 Cal.2d 526, 532-533; *Burns* v. *Massachusetts etc. Ins. Co., supra,* 62 Cal.App.2d 962, 969-971.)

Moreover, plaintiff may not reasonably be held responsible for the delay incident to attacking the charter in quo warranto proceedings. Even if it is assumed that plaintiff could or should otherwise have instituted proceedings to test the validity of its charter, it was unnecessary for it to do so when, as in this case, quo warranto proceedings were promptly instituted by the People on the relation of a third party. We conclude, therefore, that the statute of limitations was tolled from the date the charter went into effect until the date it was finally determined to be invalid by the decision of this court. Accordingly, the action is not barred by the provisions of section 339, subdivision (1), of the Code of Civil Procedure. (See *Estate of Caravas, supra,* 40 Cal.2d 33, 42; *Berger* v. *O'Hearn, supra,* 41 Cal.2d 729, 733; *Burns* v. *Massachusetts etc. Ins. Co., supra,* 62 Cal. App.2d 962, 970.)

Defendant contends that the demurrer was properly sustained for uncertainty, unintelligibility, and ambiguity on the ground that it cannot be determined whether plaintiff's action is in contract or in tort. In its first cause of action plaintiff alleged the relevant facts, and it was under no duty to adopt any particular legal theory of recovery. (Code Civ. Proc., § 426, subd. (2); *California W. S. L. Ins. Co.* v. *Tucker,* 15 Cal.2d 69, 71 [98 P.2d 511]; *Campbell* v. *Veith,* 121 Cal. App.2d 729, 731 [264 P.2d 141].) It is clear, however, that it stated a cause of action for the breach of an oral contract. No purpose would be served by now determining whether the additional fact that the breach was negligent may permit plaintiff to pursue tort as well as contract remedies. (See *Eads* v. *Marks,* 39 Cal.2d 807, 810-812 [249 P.2d 257].)

The action was brought within the shortest applicable period of limitations as extended, and since the damages alleged might reasonably be anticipated, the allegations thereof are equally consistent with both contract and tort recovery. (Civ. Code, §§ 3300, 3333.) The uncertainty, if any, does not arise out of the allegations of the relevant facts, but out of the legal effect thereof. Plaintiff may not be

required to resolve such uncertainty on demurrer, however (see *Bacon* v. *Wahrhaftig,* 97 Cal.App.2d 599, 605 [218 P.2d 144]; *Juri* v. *Koster,* 84 Cal.App. 298, 302 [257 P. 901]), and it is entitled to seek any relief consistent with the facts alleged. (*Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305]; *Keidatz* v. *Albany,* 39 Cal.2d 826, 829 [249 P.2d 264].)

Whether the gravamen of its cause of action is in tort or in contract may be determined if necessary, when and if defendant pleads or seeks to prove facts that might constitute a defense to breach of contract on the one hand or negligence on the other.

Since plaintiff's first cause of action is good against the general and special demurrer, and since its second and third causes of action allege the same facts, the trial court also erred in sustaining the demurrer as to them whether or not the additional facts alleged therein are uncertain or immaterial. (*Stafford* v. *Shultz,* 42 Cal.2d 767, 782 [270 P.2d 1]; *Bacon* v. *Wahrhaftig, supra,* 97 Cal.App.2d 599, 605; *Merlino* v. *West Coast Macaroni Mfg. Co.,* 90 Cal.App.2d 106, 108 [202 P.2d 748]; *Aronson* v. *Bank of America Nat. T. & S. Assn.,* 42 Cal.App.2d 710, 720-721 [109 P.2d 1001].)

The judgment is reversed.

Gibson, C. J., Shenk, J., and Carter, J., concurred.

Schauer, J.. concurred in the judgment.

Respondent's petition for a rehearing was denied November 24, 1954.