## JAMES *v*. STATE.

### Opinion delivered June 18, 1898.

PENAL BOND—DAMAGES.—A recovery against a surety in a penal bond may so far exceed the amount of the penalty as is necessary to cover interest upon the penalty from the date of the breach.   (Page 417.)

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

#### STATEMENT BY THE COURT.

This is an action upon a guardian's bond executed by G. W. Davis, as guardian of Clara T. Davis, in the sum of six thousand dollars.   Upon a final settlement of the accounts of said guardian, he was found to be indebted to his ward in the sum of $5,924.91, and on the 9th day of June, 1892, judgment was rendered against him for that amount.   Davis failed to pay the judgment, and this action was commenced against one of the sureties on said bond, and also against the appellants, who are the heirs of Thomas S. James, another surety upon the bond of said guardian, to charge and subject certain lands descended to them as heirs of said James with the payment of the sums due from the guardian.   The appellants resisted the payment of said demand, and, after a litigation of several years, a decree was, on the 8th day of February, 1897, rendered against them, to the effect "that the plaintiff have and recover out of the lands described the sum of $6,000, the penalty of the bond sued on, and the further sum of $1,567, as damages, with six per cent. interest per annum on both of the said sums from date hereof until paid."   This appeal was taken from that decree.   (For fuller statement of facts see *State* v. *Buck*, 63 Ark. 218).

*Bridges & Wooldridge* and *Crawford & Hudson*, for appellant.

The statutes of this state relative to penal bonds are of two classes:   (a) Those in which the exact amount of money to be paid to avoid the penalty can be ascertained by inspec-

tion of the bond (Sand. & H. Dig., §§ 5475–5477); (b) Those which do not definitely show on their face the amount of money to be paid, but which secure the performance of certain duties. (Sand. & H. Dig., §§ 5478–5495.)   In cases of the latter class, the penalty of the bond is the measure of any recovery thereon, and the debt bears interest only after judgment.   46 Mo. 377; 4 Selden, 148, 153; 6 T. R. 104; 2 Bl. 1190; 3 Cow. 151; 8 B. Mon. 112; 3 Brown, Ch. 496; 3 *ib.* 489; 8 Ala. 656; *ib.* 285; 5 Conn. 587; 8 Ala. 444; 3 Cow. 151; 13 Mich. 195; 46 Mo. 377; 5 Peters, 273; Cooke (Tenn.), 296; 60 N. Y. p. 142; 2 Ark. 382; 5 Peters, 385; 19 Ind. 267; 1 G. Green (Ia.), 467; 77 Mich. 480; 72 Ill. 71; 5 Tex. 248; 34 Pac. 918; 66 Vt. 168; 92 Mo. 111; S. C. 4 S. W. 420; 38 N. Y. Sup. Ct. 428; 24 Ark. 271.   This is also the common law rule.   The rule applies to guardians' bonds as well as to administrators' bonds.

*Austin & Taylor* and *Rose, Hemingway & Rose,* for appellee.

The amount to which the ward was entitled had been settled by probate court, and that settlement was binding alike on the guardian and his sureties.   2 Brandt, Sur. & Guar. §§ 638–9; 48 Ark. 261; 50 Ark. 102, 105.   After the surety makes default by refusing to pay the liability thus fixed on him, he is chargeable with interest from the date of such default. This is true both (a) by statute and (b) common law.   (a) For constructions of statutes similar to Sand. & H. Dig., § 5491, see: 59 Wis. 553; 98 Mass. 515; Rev. Stat. Mass. chap. 100, § 809; Pub. Stat. Mass. chap. 171, §§ 8, 9 and 10; Genl. Stat. Mass. chap. 133, §§ 9 and 10; 12 Allen, 243; 103 Mass. 398–401; 86 N. E. (N. Y.) 331, 333, 334, 337, 338.   (b) For common-law rule, see cases *infra,* bearing in mind that, at the time of the early English cases, all interest was usurious and not recoverable, and observing the distinction between these cases and those decided since interest came to be allowable.   2 Suth. Dam. 14, 15, and notes; 6 Paige, Ch. 88–92; 2 Saund. 107; Ry. & Mood. 105; 2 T. R. 388; 11 Am. & Eng. Enc. Law, 383, 384; 4 Wait, Act. & Def. 127; 22 Vt. 438; 5 Cow. 331; 62 Me. 54; 9 Pick. 368, 385; 5 Cow. 331, 334; 22 Vt. 437; 3 Cow. 393, 425; 36 Ark. 355; 43 Ark. 275; 46 Ark. 87, 95; 51

Ark. 198, 203; 52 Ark. 487, 488; 2 Suth. Dam. 14 and 15, and notes; 2 Sedg. Dam. § 678; Murf. Off. Bonds, § 680; 1 Brandt, Sur. & Guar. § 112; 73 Me. 384; 4 Cliff. 618; 73 N. Y. 292, 304; 34 Kas. 42, 45; 2 Dall. (Penn.) 252; 124 N. Y. 24; S. C. 26 N. E. 331, 337; 9 Mont. 126, 138; 28 La. Ann. 274; 14 Ore. 293, 297; 2 Strobh. (S. C.) Law, 113; 10 Col. 265; 12 How. 159; 8 N. H. 491; 1 R. I. 404; 43 Miss. 666, 676; 22 W. Va. 381; 45 Ala. 364, 369; 82 Ga. 33, 43; 59 Wis. 543, 553; 18 B. Mon. 614; 4 Day (Conn.), 30; 26 Conn. 42, 50; 1 Vt. 266; 1 Mass. 308; 12 Allen, 243; 98 Mass. 514; 15 Mass. 154; 1 Gall. 348, 360, affd. in 9 Cranch, 104; 1 Paine, 661, affd. in 12 Wheat. 511; 95 U. S. 600, 613, 614; 5 Ark. 140, 156; 41 S. W. 420.

RIDDICK, J., (after stating the facts). The question in this case is whether, in an action against the sureties upon a guardian's bond, a judgment can be rendered for an amount greater than the penalty named in the bond.

The penalty of the bond in question in this case was $6,000, and in September, 1892, at the time this action was commenced, the amount due from the guardian to his ward, as adjudged by the circuit court, was, with interest, over the amount of said penalty.

The guardian failed to pay any portion of the sum adjudged against him, and as this sum, with interest to the commencement of this action, exceeded the penalty named in the bond, the sureties, by the terms of the bond, were at that time liable to the full extent of the penalty named therein. Had they promptly paid that amount, nothing further could have been recovered of them, for the utmost extent of their liability on account of the default of the guardian was the sum named in the bond; but they refused to pay, and resisted the claim, and afterwards judgment was rendered against them for the amount due at the commencement of the suit, with interest thereon. They now contend that the court erred in adding this interest; for, by reason thereof, they are made to pay an amount greater than the penalty named in the bond. But, as it was the legal duty of the sureties to have paid the sum demanded in 1892, when the action was commenced, and, as they

27

refused to do so, and resisted the action, it was, in our opinion, lawful for the court to adjudge against them, not only the sum for which they were liable at the beginning of the action by reason of the default of their principal, but also interest thereon by way of damages for their own failure to perform the stipulations in their bond by payment of the sum found due from the guardian when demanded.

"It may be a reasonable doctrine," says the court of appeals of New York, "that a surety who has bound himself under a fixed penalty for the payment of money, or some other act to be done by a third person, has marked the utmost limit of his liability. But when the time has come for him to discharge that liability, and he neglects or refuses to do so, it is equally reasonable and altogether just that he should compensate the creditor for the delay which he has interposed." *Brainard* v· *Jones*, 18 N. Y. 35. As tersely stated by another court, "the penalty of the bond is payable because the principal did not fulfill his obligation; the interest is the penalty upon the sureties for not fulfilling theirs." *Wyman* v. *Robinson*, 73 Me. 384. In other words, while the law favors the surety, and will not extend his liability on his contract beyond the strict terms thereof, yet when, by the terms of such contract, the surety becomes liable for the payment of money, and fails or refuses to pay after the same becomes due and is demanded, he subjects himself, under general rules of law, to the payment of damages for this failure on his part. In such a case he must pay interest to the creditor to compensate him for the unlawful withholding of the money due, although the interest, added to the amount due at the commencement of the action, exceed the penalty named in the bond or contract.

We are not able to concur in the contention of counsel for appellants that the statutes of this state prescribe a rule different from that stated above. We are satisfied they do not, and that reason, as well as the weight of judicial authority, is in favor of the decree of the chancellor. It is the misfortune of appellants that the insolvency and default of the guardian has made their property liable for a large amount due from him; still the appellee was clearly entitled to the decree, and it is therefore affirmed.