[Civ. No. 12526. First Dist., Div. One. Feb. 21, 1944.]

MAY G. BURNS, as Executrix, etc., Appellant, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY (a Corporation), Respondent.

James M. Thomas and Jewel Alexander for Appellant.

Thomas E. Davis for Respondent.

PETERS, P. J.—This is a companion case to *Burns* v. *Massachusetts Bonding & Insurance Co.*, this day decided (*ante*, p. 962 [146 P.2d 24]). The present appeal is by plaintiff from that part of the judgment fixing the amount of interest to which she is entitled, it being her contention that she is entitled to interest in a much larger amount than that allowed by the trial court.

In order to understand the respective contentions of the parties, the following dates and facts are pertinent:

*July 1, 1937:* Probate court determined that the guardian owed the ward $13,601.84. This sum included $12,116.09 for the guardian's misappropriations, $1,000 referee's fee, $425.50 reporter's fee, and $60.25 costs. No interest was allowed on the sums misappropriated.

*July 6, 1937:* Plaintiff filed a demand with the surety, the exact amount of such demand not appearing in the record.

*January 27, 1939:* The probate court made an order allowing the plaintiff interest as against the guardian in the sum of $6,831.94 and costs in the amount of $356.65. When these sums are added to the amount fixed by the order of July 1, 1937, the total is $20,790.43, which is the amount of the indebtedness of the guardian to the ward on January 27, 1939. This order fixing interest was made in compliance with the decision rendered in *Guardianship of O'Connor,* 28 Cal.App.2d 527 [83 P.2d 65], allowing the ward compound interest from the date of the misappropriations. On the date this order was made the appeal of the guardian from the order of July 1, 1937, was still pending.

*April 3, 1940:* The remittitur was filed in the lower court in the guardian's appeal from the order of July 1, 1937. (*Guardianship of O'Connor,* 37 Cal. App.2d 63 [98 P.2d 769].)

*May 3, 1940:* Plaintiff filed her complaint in the present action against defendant surety. In her complaint plaintiff asked for judgment for $17,000, the full amount of the bond,

plus 7 per cent interest from July 1, 1937, the date the trial court made its order that $13,601.84 was due from the guardian.

*April 7, 1943:* The trial court entered its judgment in the present action in favor of plaintiff for $17,000, the full penal sum of the bond, plus 7 per cent interest from April 4, 1940 (one day after the remittitur was filed in the appeal by the guardian), to April 7, 1943.

It is the contention of plaintiff that she is entitled to interest from July 1, 1937, or July 6, 1937, or at least from January 27, 1939, and that such interest should be computed on the sum of $20,790.43.

 There can be no doubt that, in this state, and in the majority of other states, a surety may be held liable for interest, and that such liability exists although the effect is to bring the surety's total liability to an amount in excess of the bond. (*Trumpler* v. *Cotton*, 109 Cal. 250 [41 P. 1033].) However, there is a fundamental distinction between the liability of the surety for interest when the accumulated interest on the principal's obligation when added to the principal's obligation is less than the amount of the bond, and when it exceeds the penal amount of the bond. For interest which does not bring the total liability beyond the penalty of the bond the surety is liable under the bond obligation for the principal's debt. In such event, interest runs the same as it does against the principal, which usually means that the interest starts to run from the date the principal violates the obligation the bond is given to secure. Thus, in the present case the misappropriations by the guardian, together with certain costs, totaled $13,601.84. But, as was held in *Guardianship of O'Connor,* 28 Cal.App.2d 527 [83 P.2d 65], as against the guardian the ward was entitled to compound interest from the date of each misappropriation. This interest totaled $6,831.94, which, when added to the amount misappropriated, exceeds $17,000, the amount of the bond. Up to the face amount of the bond the surety is liable for interest the same as the principal. For any other interest in excess of the face of the bond the surety can be held liable only for its own default, and cannot be held for the default of the principal. If the surety fails to pay when it should pay, then it is liable for the full amount of the penalty of the bond plus interest from the date when per-

formance was due from it. Stated another way, for interest in excess of the penalty of the bond the surety is liable for interest from the time performance becomes due from it, as damages for its own withholding, that is, for its failure to pay the penalty when payment was due from it.

A leading case on this subject is *Bank of Brighton* v. *Smith,* 12 Allen (Mass.) 243 [90 Am.Dec. 144]. At page 146 [90 Am.Dec.] it is stated: ''The defendant claims that judgment can only be rendered for the penalty of the bond without interest. In suits against sureties, the limitations which by the contract they make to their liability are to be strictly upheld. It may be that as between the principal and the plaintiffs in this case, interest from the time of the misappropriation of the funds intrusted to him might be recovered of the principal as constituting a part of the damages occasioned by his misconduct. Or if the extent of the defalcation and interest so added had in this case fallen short of or did not exceed the penalty in the defendant's bond, such interest might be taken into account in ascertaining for what portion of the penalty judgment should be rendered. But the measure of the principal's liability ceases to operate as the rule against the surety when that liability exceeds the penalty agreed on. The surety has a right to say, I agreed to be liable for such losses as may be occasioned by the principal only to the extent fixed, although that loss is in part made up of interest on money wrongfully taken. But it does not follow that the surety can in no case be held liable for interest upon the penalty. The true rule seems to be that the surety may be liable for interest on the penalty, not as part of the debt for which he originally became responsible, but as damages for its detention.''

*James* v. *State,* 65 Ark. 415 [46 S.W. 937], is another leading case on the subject. It holds, and cites other cases holding, that for interest in excess of the penalty of the bond the liability is predicated on the theory that the surety has failed to meet its own obligation, not because it has failed to pay the principal's. (See, also, *Trumpler* v. *Cotton,* 109 Cal. 250 [41 P. 1033]; cases collected in 8 Am.Jur. p. 740, sec. 88; 25 Am.Jur. p. 126, sec. 202; 11 C.J.S. p. 511, sec. 132; annotations 33 (1914C) Ann.Cas. 1194; 55 L.R.A. 392; 19 L.R.A.(N.S.) 84.)

In the instant case the position of the defendant surety,

upheld by the trial court, is that under the rule of *Cook* v. *Ceas*, 143 Cal. 221 [77 P. 65], no action could have been brought against the defendant as surety until the remittitur had been filed in the trial court on April 3, 1940, after judgment of affirmance on the appeal by the guardian, and therefore payment was not due from it until that date. On that date the guardian's obligation, including principal and interest, exceeded $17,000. The court held, therefore, that April 4, 1940, was the date the surety first became liable to pay, and that interest in excess of the penalty of the bond should date from that date. This holding necessarily follows from the conclusion that interest exceeding the penalty of the bond is allowed for the surety's failure to perform its obligation when it is under a duty to perform.

The rule is well settled in this state that no action may be maintained against the surety until a final order has been made by the trial court fixing the obligation of the principal. If no such order has been made, or, if such order has been made but it is not final, any action against the surety is premature. (*Cook* v. *Ceas*, 143 Cal. 221 [77 P. 65]; *Graff* v. *Mesmer*, 52 Cal. 636; *Allen* v. *Tiffany*, 53 Cal. 16; *Smith* v. *Fidelity & Deposit Co.*, 130 Cal.App. 45 [19 P.2d 1018]; *Nickals* v. *Stanley*, 146 Cal. 724 [81 P. 117]; *Elizalde* v. *Murphy*, 4 Cal.App. 114 [87 P. 245]; *Brandon* v. *Anglo-California Trust Co.*, 177 Cal. 699 [171 P. 956]; *Ferris* v. *Independence Indemnity Co.*, 124 Cal.App. 154 [12 P.2d 148]; *Keck* v. *Keck*, 16 Cal.App.2d 521 [61 P.2d 79]; *Maloney* v. *Massachusetts Bonding & Ins. Co.*, 20 Cal.2d 1 [123 P.2d 449]; *Richardson* v. *Royal Indemnity Co.*, 21 Cal.2d 557 [134 P.2d 1]; see annotation 119 A.L.R. 83.) These cases demonstrate that on July 1, 1937, when the probate court determined the amount of the debt owed by the guardian to the ward, and on January 27, 1939, when the probate court fixed the amount of interest that the guardian owed to the ward, the surety was not in default. The surety was not a party to these proceedings and had no control over them. As long as these orders were on appeal the surety had no way of knowing the amount of its obligation. It did not become liable to action until the remittitur was filed on April 3, 1940. That is when its liability was first fixed. That is when it became in default. Obviously, therefore, for interest in excess of the

penalty of the bond, that is the earliest date that could be chosen.

■ It could be argued that even after the order fixing the guardian's liability became final no liability attached to the surety until a demand was made on the surety thereafter. The demand of July 6, 1937, was ineffectual because at that time the surety was not subject to suit. ■ The bringing of suit is, of course, a sufficient demand. There is authority for the proposition that even after the surety's liability attaches it is liable for interest in excess of the penalty of the bond only from the date of demand or the filing of suit. (*Trumpler* v. *Cotton*, 109 Cal. 250 [41 P. 1033] ; *Democa* v. *Barasch*, 212 Cal. 293 [298 P. 17].) If this rule applied, since there was no proper demand until the filing of suit on May 3, 1940, interest on the $17,000 would start from that date. However, we do not find it necessary to pass on this point because the defendant surety has not appealed from this portion of the judgment, and does not object to this one month's excess of interest.

The portion of the judgment from which the plaintiff appeals is affirmed.

Ward, J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 20, 1944.