[No. B058913. Second Dist., Div. Five. May 21, 1992.]

MINNIE J. HARRIS, Plaintiff and Respondent, v.
NORTHWESTERN NATIONAL INSURANCE COMPANY, Defendant,
Cross-defendant, and Appellant;
SYLVIA G. HANKIN, Defendant, Cross-complainant and Respondent.

## COUNSEL

Wilson, Kenna & Borys, Timothy W. Kenna and Garth Goldberg for Defendant, Cross-defendant and Appellant.

Larr & Poteet, Lawrence J. Poteet and Richard C. Robbins for Plaintiff and Respondent and for Defendant, Cross-complainant and Respondent.

## OPINION

**ASHBY, Acting P. J.**—In this action on a surety bond, defendant and appellant Northwestern National Insurance Company appeals from an order denying its motion to tax costs following a judgment against it in the full amount of the bond plus costs pursuant to Code of Civil Procedure section 1032. Appellant contends it cannot be required to pay costs in excess of the amount of its bond. We reject this argument and affirm.

A public notary, codefendant Ram Moorthy, negligently acknowledged a forged signature on a grant deed to real property. Two persons were injured as a result of the forgery and the notary's negligence: (1) plaintiff and respondent Minnie J. Harris, the true owner whose signature was forged, and (2) defendant, cross-complainant and respondent Sylvia G. Hankin, who lent money to the forgers (the DeWitts) in reliance on the forgers' apparent title and execution of a trust deed.

In order to protect the public from damage caused by the official misconduct or neglect of a notary, public notaries are required by Government Code section 8212 to execute an official bond in the sum of $10,000. (Cal. Surety & Fidelity Bond Practice (Cont.Ed.Bar 1969) § 27.3, pp. 374-375.) Appellant Northwestern National Insurance Company executed its official bond as surety for the notary, in the amount of $10,000.

All of the relevant parties were brought together in the action tried below. In regard to the causes of action against the notary individually and against appellant on the bond, the same attorney represented both the notary and appellant. The issues litigated included whether the signature was a forgery and whether the notary negligently failed to obtain satisfactory evidence of identification or keep adequate records. These issues were resolved in favor of respondents. The court found that respondent Harris was entitled to quiet title to the property; that the forgers were guilty of fraud; and that the notary was negligent.

Respondent Harris, the owner, was damaged in the amount of $20,000; respondent Hankin, the lender, was damaged in the amount of $15,000.

Because each respondent's damages exceeded the amount of appellant's bond, the court divided the $10,000 sum of the bond between respondent Harris and respondent Hankin in the amount of $5,000 each.

The judgment provides that as against the forgers, respondent Harris is awarded $20,000 general damages and $25,000 punitive damages; Harris is awarded $5,000 jointly and severally against the notary and appellant; and Harris is awarded an additional $2,500 individually against the notary.

Respondent Hankin is awarded $5,000 jointly and severally against the notary and appellant, and an additional $23,690, which includes interest, against the notary individually.

As for costs pursuant to Code of Civil Procedure section 1032, the court awarded costs of $3,075.81 in favor of respondent Harris against the forgers, the notary, and appellant.[1] The court awarded costs of $2,610.83 in favor of respondent Hankin against the notary and appellant.

Appellant moved to tax costs as to it, on the theory that costs may not be awarded against a surety in excess of the amount of the bond. The court denied appellant's motion to tax costs.

#### DISCUSSION

Code of Civil Procedure section 1032, subdivision (b) provides, "Except as otherwise expressly provided by a statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Subdivision (a)(4) of section 1032 defines "prevailing party" to include "the party with a net monetary recovery."

---

[1] By stipulation it was subsequently agreed that as against the notary, Harris's costs are only $1,695.31.

Here appellant was a defendant, a party to the lawsuit, against whom respondents were awarded a net monetary recovery. Respondents' entitlement to costs against appellant is evident. Two early California Supreme Court cases state that in a successful action against a surety on a bond, the judgment should be "against each of the sureties for the full amount for which he has made himself liable in the bond *and costs*." (Italics added.) (*People* v. *Rooney* (1866) 29 Cal. 642, 643; *People* v. *Love* (1864) 25 Cal. 520, 523-524, 530; see *Heppe* v. *Johnson* (1887) 73 Cal. 265, 270 [14 P. 833]; 72 C.J.S., Principal & Surety, § 211.)

Appellant contends, however, that under the current statutory scheme costs may not be awarded against a surety in excess of the penal sum of the bond.[2] We find no merit to this contention.

■ The Bond and Undertaking Law (Code Civ. Proc., § 995.010 et seq.) was enacted pursuant to recommendations of the California Law Revision Commission. (16 Cal. Law Revision Com. Rep. (1981) p. 501.) Appellant relies on Code of Civil Procedure section 996.470, subdivision (a) which provides, "[n]otwithstanding any other statute, the aggregate liability of a surety to all persons for all breaches of the condition of the bond is limited to the amount of the bond." This language, however, refers only to liability for "breaches of the condition of the bond." It does not limit liabilities of a surety which are imposed by statute rather than for breach of the condition of the bond. (See *General Ins. Co.* v. *Mammoth Vista Owners' Assn.* (1985) 174 Cal.App.3d 810, 827, fn. 9 [220 Cal.Rptr. 291].)

This was made clear by the subsequent enactment of Code of Civil Procedure section 996.475, which provides "[n]othing in this chapter is intended to limit the liability of a surety pursuant to any other statute. This section is declaratory of, and not a change in, existing law."[3]

The obligation of appellant to pay costs is imposed by Code of Civil Procedure section 1032 based upon appellant's status as a party litigant, not

---

[2]In the language of the industry, the amount of the bond is sometimes called the penal sum or penalty of the bond. (Cal. Surety & Fidelity Bond Practice, *op. cit. supra*, § 2.3, p. 15.)

[3]This clarifying amendment to the Code of Civil Procedure was enacted at the recommendation of the Law Revision Commission, which commented as follows: "Section 996.475 is added to make clear that the provisions of this chapter relating to the liability of a surety are not intended, either expressly or by implication, to repeal any other applicable statutes relating to the liability of a surety. Thus, for example, the provision in Section 996.470, that the aggregate liability of a surety for all breaches of the condition of a bond is limited to the amount of the bond, is intended only to limit the liability of a surety as security for the obligation imposed by the statute pursuant to which the bond is given. It is not intended to immunize the surety from independent statutory liability for willful failure to satisfy the obligation of a bond after the duty to pay has been established. See, *e.g.*, Section 996.480 (voluntary payment by surety). Likewise, the provision in Section 996.480 imposing costs, interest, and reasonable attorney's fee is not intended to preclude any other applicable

for breach of the condition of the bond. Here, although appellant admitted its execution of the bond, it denied liability and litigated whether its principal, the notary, breached the condition of the bond. As a losing party litigant, appellant is properly subjected to costs in addition to the amount of the bond.

■ To avoid the costs and risks of litigation, appellant could have negotiated settlements of its own liability or used interpleader procedures to deposit the amount of its bond in court. (Code Civ. Proc., §§ 386-386.6; *Sweeney* v. *McClaran* (1976) 58 Cal.App.3d 824, 826-827 [130 Cal.Rptr. 205]; see *Walton* v. *Eu* (1983) 143 Cal.App.3d 403, 407 [191 Cal.Rptr. 779]; *Continental Ins. Co.* v. *Crockett* (1985) 177 Cal.App.3d Supp. 12, 17 [223 Cal.Rptr. 772].) Here appellant elected to gamble that appellant and its principal, the notary, might avoid liability altogether on the merits. Having lost that gamble, appellant is not in a position to complain about liability for court costs contemplated by Code of Civil Procedure section 1032.

We are not persuaded by appellant's analogies to other situations, which are distinguishable.

First, appellant notes that in one situation, the Bond and Undertaking Law expressly provides for costs. (Code Civ. Proc., § 996.480.) ■ Appellant erroneously concludes that by implication costs are excluded in all other situations involving sureties. Section 996.480 provides special rules for cases where liability of the principal has previously been established by a final judgment.[4] Subdivision (a)(2) thereof provides that if the beneficiary already has a final judgment against the principal, and the beneficiary thereafter makes a claim which the surety refuses to pay, necessitating a separate suit against the surety, the surety is liable for costs *and* a reasonable attorney fee *and* interest on the judgment from the date of the claim.

---

statutory provisions, such as any applicable regulations of the Insurance Code governing actions of admitted surety insurers." (18 Cal. Law Revision Com. Rep. (1984) pp. 102-103.)

[4]Code of Civil Procedure section 996.480 states: "(a) If the nature and extent of the liability of the principal is established by final judgment of a court and the time for appeal has expired or, if an appeal is taken, the appeal is finally determined and the judgment is affirmed: [¶] (1) A surety may make payment on a bond without awaiting enforcement of the bond. The amount of the bond is reduced to the extent of any payment made by the surety in good faith. [¶] (2) If the beneficiary makes a claim for payment on a bond given in an action or proceeding after the liability of the principal is so established and the surety fails to make payment, the surety is liable for costs incurred in obtaining a judgment against the surety, including a reasonable attorney's fee, and interest on the judgment from the date of the claim, notwithstanding Section 996.470. [¶] Partial payment of a claim by a surety shall not be considered satisfaction of the claim and the beneficiary may enforce the liability on the bond. If a right is affected or a license is suspended or revoked until payment of a claim, the right continues to be affected and the license continues to be suspended or revoked until the claim is satisfied in full."

The theory behind the rule in that section involves different considerations; that section does not impliedly preclude appellant's liability for costs. The rule in Code of Civil Procedure section 996.480, subdivision (a)(2), like the rule in *Burns* v. *Massachusetts etc. Ins. Co.* (1944) 62 Cal.App.2d 972, 977 [146 P.2d 29], cited by appellant, is limited to where the bond is "given in an action or proceeding," for example when a person appointed by a court as a guardian must post a bond or undertaking. In that situation the surety's liability does not accrue until the court in the same action or proceeding has finally determined the defalcation of the guardian. (*Ibid.*; Code Civ. Proc., § 996.440; 35 Cal.Jur.3d (rev.) pt. 2, Guardianship and Conservatorship, § 79, pp. 351-353.) Prior to that point the surety is not a party to the proceeding. (*Burns* v. *Massachusetts etc. Ins. Co.*, *supra*, 62 Cal.App.2d at p. 977; *Estate of Davis* (1990) 219 Cal.App.3d 663, 669 [268 Cal.Rptr. 384]; Code Civ. Proc., § 996.440.)

Here, appellant's bond is not one "given in an action or proceeding." Appellant's liability accrued with the default of the principal. (59 Cal.Jur.3d, Suretyship & Guaranty, § 64, pp. 121-122 & fn. 80.) Appellant was properly joined in the action against the principal. (Code Civ. Proc., § 996.430, subds. (a), (b).)

Next, appellant's liability for costs is not inconsistent with case law cited by appellant regarding interest or attorney fees. Appellant cites the rule that a surety is not required to pay, in excess of the bond amount, for the principal's liability for prejudgment interest: "Up to the face amount of the bond the surety is liable for interest the same as the principal. For any other interest in excess of the face of the bond the surety can be held liable only for its own default, and cannot be held for the default of the principal. If the surety fails to pay when it should pay, then it is liable for the full amount of the penalty of the bond plus interest from the date when performance was due from it." (*Burns* v. *Massachusetts, etc. Ins. Co.*, *supra*, 62 Cal.App.2d at pp. 975-976; *Trumpler* v. *Cotton* (1895) 109 Cal. 250, 256-257 [41 P. 1033].) This rule does not aid appellant. ■ As stated in *Lawrence Tractor Co.* v. *Carlisle Ins. Co.* (1988) 202 Cal.App.3d 949, 955 [249 Cal.Rptr. 150], interest is an element of the *damages* caused by the principal's conduct, for which the surety cannot be held in excess of the amount of its bond. Liability for court costs, on the other hand, is imposed by Code of Civil Procedure section 1032 for appellant's own conduct unsuccessfully litigating respondents' amended complaint and amended cross-complaint. Such liability is consistent with the reasoning of *Burns* and *Trumpler* that the surety is liable for interest for its own default in failing to pay following the filing of the complaint.

Finally appellant cites the rule that ordinarily the surety cannot be required to pay attorney fees in excess of the sum of the bond. In *Hartford*

*Acc., etc. Co. v. Ind. Acc. Com.* (1932) 216 Cal. 40, 50 [13 P.2d 699], the bond itself contained an attorney fees clause but the court held, as a matter of construing the language of the bond, that the surety's promise to pay attorney fees was limited by the sum of the bond. In *Lawrence Tractor Co. v. Carlisle Ins. Co.*, *supra*, the court applied the *Hartford* rule where the attorney fees clause was in the contract between the principal and the other party, and the principal was liable to pay attorney fees pursuant to Civil Code section 1717. (202 Cal.App.3d at p. 953.) The instant case, however, does not involve attorney fees. Indeed, the judgment expressly recites all parties are to bear their own attorney fees. Attorney fees pose a special case because, *generally*, a prevailing party is *not* entitled to recover attorney fees. (Code Civ. Proc. § 1021; *Lawrence Tractor Co. v. Carlisle Ins. Co.*, *supra*, 202 Cal.App.3d at p. 955; *Olson v. Arnett* (1980) 113 Cal.App.3d 59, 67 [169 Cal.Rptr. 629].) A prevailing party's entitlement to court costs, on the other hand, is well established. (Code Civ. Proc., §§ 1032, 1033.5.)

We conclude appellant's statutory obligation to pay costs pursuant to Code of Civil Procedure section 1032 is not limited by the amount of appellant's bond.

The order is affirmed.

Boren, J., and Grignon, J., concurred.